## BEACH v. HANCOCK.

The defendant, being engaged in an angry altercation with the plaintiff, aimed a gun at him in an excited and threatening manner, and snapped it twice. It was not, in fact, loaded, but the plaintiff did not know whether it was loaded or not. *Held*, that the defendant had committed an assault.

The court may properly instruct the jury that they may consider the effect which finding trivial damages for breaches of the peace would have to encourage a disregard of the laws and disturbances of the public peace.

TRESPASS, for an assault.

Upon the general issue it appeared that the plaintiff and defendant, being engaged in an angry altercation, the defendant stepped into his office, which was at hand, and brought out a gun, which he aimed at the plaintiff in an excited and threatening manner, the plaintiff being three or four rods distant. The evidence tended to show that the defendant snapped the gun twice at the plaintiff, and that the plaintiff did not know whether the gun was loaded or not, and that, in fact, the gun was not loaded.

The court ruled that the pointing of a gun, in an angry and threatening manner, at a person three or four rods distant, who was ignorant whether the gun was loaded or not, was an assault, though it should appear that the gun was

not loaded, and that it made no difference whether the gun was snapped or not.

The court, among other things, instructed the jury that, in assessing the damages, it was their right and duty to consider the effect which the finding of light or trivial damages in actions for breaches of the peace, would have to encourage a disregard of the laws and disturbances of the public peace.

The defendant excepted to these rulings and instructions.

The jury, having found a verdict for the plaintiff, the defendant moved for a new trial by reason of said exceptions.

*Morrison & Fitch*, for the defendant.

The first question arising in this case is, Is it an assault to point an unloaded gun at a person in a threatening manner?

An assault is defined to be an inchoate violence to the person of another, with the present means of carrying the intent into effect. 2 Greenl. Evidence, 72.

The attempt or offer with violence to do corporal hurt to another, must be coupled with a present ability, to constitute an assault. Roscoe's Crim. Evidence, 287 ; 1 Russell on Crimes 750.

It is no assault to point an unloaded gun or pistol at another, &c. *Blake* v. *Barnard*, 9 C. & P. 626 ; *Regina* v. *Baker*, 47 Com. Law Rep. 253 ; *Regina* v. *James*, 47 Com. Law Rep. 529.

The court erred in instructing the jury that the pointing of a gun, in an angry and threatening manner, was an assault. It is well settled that the intention to do harm is the essence of an assault, and this intent is to be collected by the jury from the circumstances of the case. 2 Greenl. Ev. 73.

Damages are given as a compensation, recompense or satisfaction to the plaintiff, for an injury actually received by him from the defendant. They should be precisely com-

mensurate with the injury, neither more or less, and this whether it be to his person or estate 2 Greenl. Ev. (3d ed.) 244; *Sinclair* v. *Tarbox*, 2 N. H. Rep. 136; *Wiggin* v. *Coffin*, 3 Story; *Hitchcock* v. *Whitney*, 10 Law Reporter 188.

*D. & D. J. Clark*, for the plaintiff.

1 Hawkins, ch. 62, p. 153, defines an assault to be " an attempt or offer, with force and violence, to do a corporal hurt to another."

And he gives this illustration or instance, as by " presenting a gun at him, at such a distance to which the gun will carry."

The offence is in " presenting a gun," not " snapping a gun;" nor presenting a loaded gun, but " in presenting a gun."

This definition the best law writers follow, and they cite the same instance. Arch. Crim. Ev. & Pl. 416; Roscoe's Crim. Ev. 286; Saunder's Pl. & Ev. 103; Bouv. Law Dict. 131; 1 Bacon's Ab. 242.

Roscoe further defines and says the doing " any other act indicating an intention to use violence against the person of another is an assault." Roscoe's Crim. Ev. 287.

The act, in this case, clearly indicated to a person, not knowing the gun was not loaded, an intention to use violence against the person of the plaintiff. The plaintiff must have so regarded it.

Roscoe's Crim. Ev. 278, cites *Regina* v. *James*, 1 Carr. Kirw. 530; (47 Com. Law Rep.) as an authority to show that it is not an assault to point a pistol at another which is unloaded.

But no such point was decided in that case, except by implication, and that case was an indictment upon a particular statute not existing in our law.

The decision was of itself so singular, when the facts are considered, no prudent judge would willingly follow it.

To constitute the offence, it is said there must be " a present ability to inflict an injury."

But when a person points a gun at another, with threats and anger, has he not ability to put him in fear? Does he not do it? The person aimed at does not know the gun is not loaded. He naturally supposes it is, and is thereby just as much terrified as if the gun had been loaded? Does he not, then, do him an injury?

Blackstone defines an assault to be an "inchoate violence," and though no actual suffering is proved, yet the party injured may have redress by an action of trespass. 3 Black. Com. 120.

In this case there was a violence commenced and threatened, and there was suffering—a putting in fear. The plaintiff did not know but that the gun was loaded, and must have been alarmed.

In 1 Stephens' Nisi Prius 208, it is said to be an assault to aim " a gun at another within a distance from which, supposing it to have been loaded, the contents might wound," evidently implying it to be an assault to level an unloaded gun.

Greenleaf, in his Evidence, vol. 2, page 63, says it is an assault to level a loaded gun at another, and cites Hawkins, P. C. B. 1 ch. 62, § 1.

But Hawkins does not support Mr. Greenleaf. Hawkins says it is an assault to point a gun—not a loaded gun.

Mr. Greenleaf further says, in a note on the same page, if the gun is not loaded, it is no assault, and cites *Blake* v. *Barnard*, 9 C. & P. 373.

But that case does not, it is submitted, go to the extent stated by the learned professor.

The declaration, in that case, alleged that the defendant " presented a certain pistol, loaded with gunpowder, ball and shot," and the court held it incumbent on the plaintiff to substantiate his declaration,—to prove what he had alleged.

Beach *v.* Hancock.

In 1 Russell on Crimes 750, it is said "it has been laid down by a very learned judge, notwithstanding a contrary opinion in an earlier case, that if a person present a loaded pistol so near as to produce danger to life, if the pistol had gone off, it is an assault in point of law, although, in fact, the pistol be unloaded."

The learned judge said: " My idea is that it is an assault to present a pistol at all, whether loaded or not. If you threw the powder out of the pan or took the percussion cap off, and said to the party this is an empty pistol, then that would be no assault, for the party must see that it was not possible he should be injured; but if a person present a pistol which has the appearance of being loaded, and puts the party into fear and alarm, that is what it is the object of the law to prevent."

The position of the plaintiff is, that not knowing whether the gun was loaded or not, and the defendant presenting it at him, and threatening him, the fear and violence to him were the same as if the gun had been actually loaded.

The policy of the law must be to prevent the levelling of a gun at all at another in anger. Many a weapon, not supposed to be loaded, has turned out to be charged, and deaths have ensued thereby.

If the pistol, purporting to be loaded, was presented so near as to have been dangerous to life, if it had been loaded and gone off, it is an assault, though, in fact, the pistol was not loaded. *State* v. *Smith*, 2 Humph. 457, cited in U. S. Dig. Sup. 155; 1 U. S. Dig. § 52; *State* v. *Cheeny*, 11 Ired. 475, cited in Sup. U. S. Dig. 1851, page 39, § 15.

No authority requires the snapping of a gun to make an assault. You might as well require the gun to be discharged.

Exemplary damages may be given. 1 Sup. U. S. Dig. 154, § 12; Dig. 1847, page 49, § 3; *Jefferson* v. *Adams*, 4 Harrington 321; 2 Greenl. Ev. 69, § 89.

In such a case, the matter of damage belongs exclusively to the jury.

In *Merest* v. *Harvey*, 5 Taun. 442, *Heath*, J. said that " it goes to prevent the practice of duelling, if exemplary damages are given by juries to, punish insult."

It certainly is not less proper to remark that trivial damages go to encourage breaches of the peace.

Damages, given in trespass, will not be interfered with, unless they are manifestly exorbitant. *Allen* v. *Craig*, 1 Greenl. 294.

GILCHRIST, C. J. Several cases have been cited by the counsel of the defendant, to show that the ruling of the court was incorrect. Among them is the case of *Regina* v. *Baker*, 1 Carr. & Kirw. 254. In that case, the prisoner was indicted under the statute of 7 Will. IV and 1 Vic. ch. 85, for attempting to discharge a loaded pistol. *Rolfe*, B., told the jury that they must consider whether the pistol was in such a state of loading that, under ordinary circumstances, it would have gone off, and that the statute under which the prisoner was indicted would then apply. He says, also, " if presenting a pistol at a person, and pulling the trigger of it, be an assault at all, certainly in the case where the pistol is loaded, it must be taken to be an attempt to discharge the pistol with intent to do some bodily injury."

From the manner in which this statement is made, the opinion of the court must be inferred to be, that presenting an unloaded pistol is an assault. There is nothing in the case favorable to the defendant. The statute referred to relates to *loaded* arms.

The case of *Regina* v. *James*, 1 Carr. & Kirw. 529, was an indictment for attempting to discharge a loaded rifle. It was shown that the priming was so damp that it would not go off. *Tindal*, C. J., said : " I am of opinion that this was not a loaded arm within the statute of 1 Vic. ch. 85, and that the prisoner can neither be convicted of the felony

nor of the assault. It is only an assault to point a loaded pistol at any one, and this rifle is proved not to be so loaded as to be able to be discharged."

The reason why the prisoner could not be convicted of the assault, is given in the case of *Regina* v. *St. George*, 9 C. & P. 483, where it was held that on an indictment for a felony, which includes an assault, the prisoner ought not to be convicted of an assault, which is quite distinct from the felony charged, and on such an indictment the prisoner ought only to be convicted of an assault, which is involved in the felony itself.

In this case, *Parke*, B., said " if a person presents a pistol which has the appearance of being loaded, and puts the party into fear and alarm, that is what it is the object of the law to prevent."

So if a person present a pistol, purporting to be a loaded pistol, at another, and so near as to have been dangerous to life if the pistol had gone off; *semble* that this is an assault, even though the pistol were, in fact, not loaded. *Ibid.*

In the case of *Blake* v. *Barnard*, 9 C. & P. 626, which was trespass for an assault and false imprisonment, the declaration alleged that ,the pistol was loaded with gunpowder, ball and shot, and it was held that it was incumbent on the plaintiff to make that out. Lord *Abinger* then says, " If the pistol was not loaded, it would be no assault," and the prisoner would be entitled to an acquittal, which was undoubtedly correct, under that declaration, for the variance. *Regina* v. *Oxford*, 9 C. & P. 525.

One of the most important objects to be attained by the enactment of laws and the institutions of civilized society is, each of us shall feel secure against unlawful assaults. Without such security society loses most of its value. Peace and order and domestic happiness, inexpressibly more precious than mere forms of government, cannot be enjoyed without the sense of perfect security. We have a right to live in society without being' put in fear of personal harm.

But it must be a reasonable fear of which we complain. And it surely is not unreasonable for a person to entertain a fear of personal injury, when a pistol is pointed at him in a threatening manner, when, for aught he knows, it may be loaded, and may occasion his immediate death. The business of the world could not be carried on with comfort, if such things could be done with impunity.

We think the defendant guilty of an assault, and we perceive no reason for taking any exception to the remarks of the court. Finding trivial damages for breaches of the peace, damages incommensurate with the injury sustained, would certainly lead the ill-disposed to consider an assault as a thing that might be committed with impunity. But, at all events, it was proper for the jury to consider whether such a result would or would not be produced. *Flanders* v. *Colby, post.*

*Judgment on the verdict.*