**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario BERNAL, Defendant–Appellant.**

**No. 87–1930.**

United States Court of Appeals,
Fifth Circuit.

April 4, 1989.

G. Luke Ashey, Dallas, Tex. (court-appointed), for defendant-appellant.

Mario A. Bernal, Federal Correctional Institution, Tucson, Ariz., pro se.

Andrew Levchuk, Dept. of Justice, Criminal Div., Appellate Section, Washington, D.C., Marvin Collins, U.S. Atty., Dallas, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

Before GOLDBERG,
HIGGINBOTHAM and DAVIS, Circuit
Judges.

PER CURIAM:

The application for rehearing is denied.

We are persuaded that Rule 11(h) was not intended to nullify important objectives of Rule 11. No objective of Rule 11 is more important than that established in Rule 11(c):

(c) Advice to Defendant. Before accepting a plea of guilty ... the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) the nature of

the charge to which the plea is offered ..."

The court totally failed to address Bernal in open court about the nature of the charge to which he sought to plead guilty. The government contends that we are obliged to excuse this failure because the written instrument Bernal signed included information about the nature of the charge. Acceptance of the government's argument would obliterate Rule 11(c)'s requirement that the court "must address the defendant personally in open court" and determine whether the defendant understands the nature of the charge to which the plea is offered. Such an interpretation of Rule 11 would allow the district judge to sit in his chambers and accept a guilty plea so long as the accused signed papers reflecting his voluntary, knowing agreement to enter the plea.

The Advisory Committee comments to Rule 11(h) caution against such an interpretation: "... the Advisory Committee does wish to emphasize two important cautionary notes. The first is that subdivision (h) should *not* be read as supporting extreme or speculative harmless error claims or as, in effect, nullifying important Rule 11 safeguards" (emphasis in original).

In sum, the addition of subsection (h) to Rule 11 was not intended to allow district courts to ignore Rule 11(c)'s command that they personally address the accused about the nature of the charges to which a plea is offered and in that open court exchange satisfy themselves that the defendant understands those charges.

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.