UNITED STATES of America, Appellee,

v.

Genaro MEDINA–SILVERIO,
Defendant, Appellant.

No. 93–1800.

United States Court of Appeals,
First Circuit.

Heard March 11, 1994.

Decided July 19, 1994.

Rafael F. Castro Lang, San Juan, PR, for appellant.

Esther Castro Schmidt, Asst. U.S. Atty., Hato Rey, PR, with whom Guillermo Gil, U.S. Atty., Washington, DC, and José A. Quiles–Espinosa, Sr. Litigation Counsel, Hato, Rey, PR, were on brief, for appellee.

Before CYR and STAHL, Circuit Judges, and PIERAS,* District Judge.

CYR, Circuit Judge.

The only claim we need address in this appeal is whether the district court complied with the procedural safeguards mandated by Criminal Rule 11 prior to accepting appellant's guilty plea to one felony count of illegal reentry into the United States following deportation. We conclude that the plea acceptance procedure adopted by the district court met neither the letter nor the spirit of Rule 11. As appellant's guilty plea was invalid, we remand to the district court for further proceedings.

## I

### DISCUSSION

The Rule 11 hearing transcript discloses the following colloquy:

THE COURT: ... Mr. Medina, I have your petition to enter a plea of guilty, which is a long document consisting of 13 pages and containing 45 questions and answers. You signed that document at the middle of page 13. Is that your signature?

THE DEFENDANT: Yes.

THE COURT: And your attorney, Mr. Laws, signed at the bottom.

MR. LAWS: That is correct, Your Honor.

THE COURT: Also both you and your attorney initialed each page. This means, Mr. Medina, that these answers are your answers.

THE DEFENDANT: Yes.

THE COURT: And are these answers truthful?

THE DEFENDANT: Yes.

* Of the District of Puerto Rico, sitting by designation.

THE COURT: And if I repeat all of these questions, your answers will be the same or will they be different?

THE DEFENDANT: The same.

THE COURT: Well, *the petition will be made part of this change of plea proceeding because I adopt all the questions mentioned or included therein....*

Hearing Tr. at 5–6, March 29, 1993 (emphasis added). The district court record discloses no other information relevant to the content and sufficiency of the Rule 11 colloquy. Medina interposed no objection to the district court procedure. *See United States v. Parra–Ibanez,* 936 F.2d 588, 593 (1st Cir. 1991) (appellate court must determine Rule 11 compliance without regard to whether the issue was raised below).

Appellant contends that the district court's simple incorporation of the Petition to Enter a Plea of Guilty denied him the procedural safeguards prescribed by Rule 11. He argues that the failure to conduct a full and direct examination in open court compromised "core" Rule 11 concerns and undermined the validity of the guilty plea. *See United States v. Allard,* 926 F.2d 1237, 1244–45 (1st Cir.1991) (identifying core Rule 11 concerns: absence of coercion, understanding of charges, and knowledge of consequences of guilty plea). Further, Medina claims that comments he made during the Rule 11 hearing demonstrate that his guilty plea was not "voluntary and intelligent." *See, e.g., Parra–Ibanez,* 936 F.2d at 590 (noting that the "strictures of Rule 11 [were] calculated to insure the voluntary and intelligent character of the plea").

The government responds that the Petition to Enter a Plea of Guilty was completed by appellant, with the assistance of counsel, only moments before the Rule 11 hearing. The government therefore claims that any error was harmless and affected no substantial rights. *See* Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."). We disagree.

Criminal Rule 11 provides in pertinent part:

(c) *Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:*

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances ... *and*

\*   \*   \*   \*   \*   \*

(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; *and*

(4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind so that by pleading guilty or nolo contendere the defendant waives the right to trial; *and*

(5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

(d) *Insuring that the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.* The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attor-

ney for the government and the defendant or the defendant's attorney.

Fed.R.Crim.P. 11(c), (d) (emphasis added).

The district court procedure adopted in this case cannot be harmonized with the plain language of Rule 11(c), (d). At a Rule 11 plea hearing, "the *court must* address the defendant personally in open court and *inform the defendant of, and determine that the defendant understands,*" the matters enumerated in Rule 11. Fed.R.Crim.P. 11(c); *see also* Fed.R.Crim.P. 11 advisory committee's notes accompanying 1966 amendment (explaining that the rule was amended to make express the requirement that the district judge personally address the defendant to ascertain that the plea is "voluntary and intelligent"). The authorities are in agreement that reliance on "a written document is not a sufficient substitute for personal examination [by the court.]" James W. Moore, 8 *Moore's Federal Practice* ¶ 11.-05[2] (1994); Charles A. Wright, 1 *Federal Practice & Procedure* § 172 (1982) ("Since 1966 the rule has required the court to address the defendant personally."); *see also United States v. Del Prete,* 567 F.2d 928, 930 (9th Cir.1978) ("[a] written document is emphatically not a substitute for the clear dictate of the rule, which requires that the trial judge address the defendant in open court"). Similarly, the Supreme Court has left no room to doubt the central importance of direct interrogation by the district judge in determining whether to accept the defendant's guilty plea:

> To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding based upon a claim that the plea was involuntary. Both of these goals are undermined in proportion to the degree the district judge resorts to "assumptions" not based upon *recorded responses to his inquiries.*

*McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969) (emphasis added); *see also* Fed. R.Crim.P. 11 advisory committee's notes accompanying 1983 amendment ("[S]ubdivision (h) should *not* be read as an invitation to trial judges to take a more casual approach to Rule 11 procedures. It is still true, as the Supreme Court pointed out in *McCarthy,* that thoughtful and careful compliance with Rule 11 best serves the cause of fair and efficient administration of criminal justice. . . .") (emphasis in original). The present case is directly in point. But for the district court's failure to follow the explicit requirements set out in Rule 11, in all likelihood no post-conviction challenge to the validity of appellant's guilty plea would ever have occurred. Thus, it is "not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking." *McCarthy,* 394 U.S. at 472, 89 S.Ct. at 1174.

We well understand the heavy burdens imposed on the district courts. Yet no matter how repetitive the required Rule 11 praxis may become for busy district judges, it may not be presumed so for the defendant; and however time-consuming for the court, it is surely less so than the virtually certain prospect of remand for further Rule 11 proceedings or trial. There is no "talismanic test," *Allard,* 926 F.2d at 1245, and we have never held the district courts to a formula of "magic words" in meeting the requirements of Rule 11. It is abundantly clear, however, that the procedure employed below cannot be considered in substantial compliance with Rule 11.[1] "[A] violation that implicates one of the rule's 'core concerns' mandates that the plea be set aside." *Id.* at 1244–45 (citing *McCarthy,* 394 U.S. at 471–72, 89 S.Ct. at 1173–74; and *United States v. Cantor,* 469 F.2d 435, 437 (3d Cir.1972)).

---

1. "By entering a guilty plea, a defendant, in effect, waives a number of constitutional rights. In order for that waiver to be valid, due process requires that the plea amount to a voluntary and 'intentional relinquishment or abandonment of a known right or privilege.'" *Allard,* 926 F.2d at 1244 (citing *McCarthy,* 394 U.S. at 466, 89 S.Ct. at 1171). "The . . . rule requires the court both to inform the defendant of the nature of the charge and make a determination that he understands it." *Id.* (citing *Mack v. United States,* 635 F.2d 20 (1st Cir.1980)).

**4**

Where a district court neither conducts a direct personal interrogation, nor advises the defendant of his rights, all substantially as required under Rule 11, there can be no sufficient basis for finding that the guilty plea was voluntary, intelligent or otherwise valid.

█ A total failure to conduct the plea colloquy mandated by Rule 11 cannot be considered harmless error, even where writings evidence the defendant's apparent cognizance of the information which should have been imparted in open court. *United States v. Bernal*, 861 F.2d 434, 436 (5th Cir.1988), *reh'g denied*, 871 F.2d 490, 491 (5th Cir.1989) ("Acceptance of the government's [harmless error] argument would obliterate Rule 11(c)'s requirement that the court 'must address the defendant personally in open court'.... [S]ubsection (h) to Rule 11 was not intended to allow district courts to ignore Rule 11['s express commands]"), *cert. denied*, 493 U.S. 872, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989); *see* Fed.R.Crim.P. 11 advisory committee's notes accompanying 1983 amendment (noting that Rule 11(h) harmless error provision is intended to excuse "minor and technical violation[s]," but cannot be invoked where the court's deviation effectively "nullif[ies] important Rule 11 safeguards"); *see also Del Prete*, 567 F.2d at 930 (vacating conviction where district court failed to inform defendant personally of parole component of sentence; existence of written guilty plea application cannot override "clear dictates" of Rule 11); *cf. United States v. Carter*, 662 F.2d 274 (4th Cir.1981) (holding that reversal is required where clerk, rather than district judge, conducted plea colloquy). The guilty plea must therefore be set aside and the case must be remanded for further Rule 11 proceedings or trial.

*The judgment of conviction and sentence is vacated. The guilty plea is set aside and the case is remanded for further proceedings consistent with this opinion.*[2]

---

**2.** Appellant's "ineffective assistance" claim is    mooted by our resolution of the Rule 11 claim.