36 F.3d 1089
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ricardo DIAZ-GALLEGO, Defendant, Petitioner,
v.
UNITED STATES of America, Respondent.
 No. 94-1148
 United States Court of Appeals,
First Circuit.
 September 26, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Gilberto Gierbolini, U.S. District Judge ]
 Ricardo Diaz-Gallego on brief pro se.
 Guillermo Gil, United States Attorney, and Jose A. Quiles Espinosa, Senior Litigation Counsel, United States Attorney's Office, on brief for respondent.
 D. Puerto Rico
 AFFIRMED.
 Before Torruella, Chief Judge, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Ricardo Diaz-Gallego appeals the denial of his motion to vacate a conviction and sentence under 18 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Appellant and several other persons were indicted in May, 1987, for possession with intent to distribute approximately 1700 kilograms of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. Sec. 1903, and 18 U.S.C. Sec. 2. He initially pled not guilty, but then moved to change his plea to guilty. A joint hearing was held on August 25, 1987, at which the district court accepted appellant's guilty plea, as well as the guilty pleas of three of his codefendants. Appellant was later sentenced to forty years in prison, a ten-year term of supervised release, and a special monetary assessment of $50. He did not appeal. This Sec. 2255 motion was filed in September, 1989.
 
 
 3
 Appellant argues that the district court erred in declining to hold an evidentiary hearing on his application for post-conviction relief. However, there is no presumption in favor of an evidentiary hearing under Sec. 2255. United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993). Rather, the Sec. 2255 petitioner bears the usual burden of persuading the court that his motion cannot be effectively "heard" on the papers. Id. at 225. An evidentiary hearing is unnecessary when the petitioner's allegations merely state conclusions instead of facts, are contradicted by the record, inherently incredible, or invalid as a matter of law. Id. at 226 (citations omitted); United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988). In addition where, as here, a Sec. 2255 petition is brought before the judge who also presided at the previous proceedings, the judge may make findings based on his own knowledge of the proceedings without convening an additional hearing. McGill, 11 F.3d at 225.
 
 
 4
 We find no error in the court's decision to dispense with an evidentiary hearing under this standard. There was also no error in the court's decision that appellant's contentions, discussed seriatim below, failed to establish a "fundamental defect" in the plea and sentencing proceedings, or any other reason for relief under Sec. 2255. See Laliberte v. United States, 25 F.3d 10, 13 (1st Cir. 1994) (observing that Sec. 2255 relief is available after sentencing only for "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure") (citations omitted).
 
 
 5
 First, appellant challenged the authenticity of the transcript of the change of plea hearing produced from the government's files. In support, appellant pointed to the difficulties which both he and the court had experienced in obtaining a copy of the transcript. On several occasions beginning in November, 1989, the magistrate ordered the court reporter to produce a copy of the transcript for appellant, but the reporter had apparently misplaced his notes. The magistrate ultimately obtained a transcript, and issued a report in March, 1992. Appellant, however, alleged that he had not received a transcript copy, and petitioned this court for a writ of mandamus in January, 1993. The government's response to the mandamus petition appended a transcript copy, along with a certificate of service, so we denied the petition on the assumption that appellant had thus received his copy.
 
 
 6
 Nonetheless, appellant then informed the district court that he still had not received the transcript. In an abundance of caution the court ordered the clerk to send to appellant yet another copy of the transcript which the government had made available. Appellant finally conceded receipt of a transcript copy thus produced, but then objected, without further specifics, that it was an "invention."
 
 
 7
 While the delay occasioned by these events is troubling, appellant's generalized objection to the authenticity of the transcript is refuted by the record facts. The transcript which the government produced included the court reporter's certification. This certification was credited by the district judge, who had also presided over the change of plea hearing, as prima facie proof of the authenticity and accuracy of the transcript. See 28 U.S.C. Sec. 753(b) (1982) (transcript certified by designated court reporter "shall be deemed prima facie a correct statement of the testimony and proceedings"); United States v. Ochs, 548 F. Supp. 502 (S.D.N.Y. 1982) (relying upon statutory presumption), aff'd, 742 F.2d 1444 (2d Cir. 1983), cert. denied, 464 U.S. 1073 (1984). In addition, the origin and accuracy of the transcript is corroborated by docket entries which reflect that in June, 1989, the court reporter produced an original transcription for codefendant Agressot-Coas. (Dkt. 124). Both Agressot-Coas and codefendant Padilla-Pallacios have pursued appeals based on seemingly identical transcript copies without any challenge to the accuracy of its contents. Since the material portions of the hearing were identical for all three defendants, and appellant offered no facts to the contrary, the district court's reliance on the reporter's certification, and presumably the court's own memory, was not clearly erroneous. See McGill, 11 F.3d at 223 n.2 (on a Sec. 2255 motion, fact-based findings are reviewed for clear error) (citations omitted).
 
 
 8
 Second, appellant attacked the validity of his plea and sentence with an allegation that his attorney falsely assured him, or the government falsely promised, that he would be sentenced to no more than ten years in prison. As a result, he claimed that his plea was involuntary, uninformed, and rendered without the effective assistance of counsel.
 
 
 9
 The existence of such a promise, however, is contradicted by facts in the record, including appellant's own sworn testimony and the documents he filed. Appellant signed a plea agreement which reserved the government's right to "allocution" at the time of sentencing, but left the sentence itself to the "sound discretion of the court." He acknowledged in open court that he understood that his plea agreement in no way curtailed or diminished the power of the court to impose a penalty up to the maximum provided by law. He said that he understood the charge against him, the minimum and maximum penalties of imprisonment that might be imposed (ten years to life), and swore that his guilty plea was not induced by any outside predictions or prophesies of the ultimate sentence to be imposed.[1] His change of plea was accepted only after a thorough exploration of all elements of a knowing and voluntary guilty plea under Rule 11. Fed. R. Crim. P. 11; see Medina-Silverio, 1994 WL 364135 (detailing core elements required of a rule 11 colloquy and collecting cases). Appellant then reiterated his understanding of the court's full authority, the maximum penalty that might be imposed, and the absence of any collateral promises, in a written plea petition completed after the hearing. He also omitted any mention of the promise he now alleges when he appeared for sentencing.
 
 
 10
 "A defendant is ordinarily bound by his or her representations in court disclaiming the existence of additional promises." Bemis v. United States, 1994 WL 376057 at * 2 (1st Cir. July 22, 1994) (citations omitted); see also Hernandez-Hernandez v. United States, 904 F.2d 758, 762 (1st Cir. 1990) (sworn Rule 11 statements are presumptively true); United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984) (a defendant will not be heard to controvert his Rule 11 statements in a subsequent Sec. 2255 motion unless he offers a valid reason for departing from the apparent truth of his earlier statements).
 
 
 11
 In the absence of unusual facts that might lend plausibility to appellant's belated contradiction of his own sworn testimony, the court did not err in rejecting his conclusory allegation without an evidentiary hearing. Compare Bemis, slip op. at 7-8 (in unusual circumstances, where appellant offered affidavits from two former prosecutors, and pointed to specific supporting facts, evidentiary hearing should be held); Hernandez-Hernandez, 904 F.2d at 762-63 (evidentiary hearing should be held where petitioner supported his claim with an affidavit containing specific factual detail as well as the affidavits of five corroborating witnesses). Likewise, we see no error in the court's conclusion, after a thorough review, that there was no support in the record for appellant's further allegation that but for the alleged misrepresentation he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 59-60 (1985) (in order to show "prejudice" from alleged counsel errors, a defendant must show that there is a reasonable probability that he would not have pled guilty but would have gone to trial).
 
 
 12
 Third, appellant argued that his counsel rendered ineffective assistance after the change of plea hearing because counsel did not attend the subsequent debriefing sessions, "utterly failed to assist appellant" at the sentencing hearing, and did not rebut an alleged governmental representation that appellant's cooperation had been minimal.
 
 
 13
 Again, however, the record contradicts appellant's factual assertions. At the sentencing hearing counsel made a detailed objection to the presentence report based on appellant's "substantial cooperation" with the government. The government neither denied nor minimized appellant's cooperation, but agreed with counsel's representations, and the court was thus persuaded to take appellant's assistance into consideration. Further, the court invited appellant to speak on his own behalf, but appellant indicated that he was content with his counsel's representations.
 
 
 14
 The district judge, who had presided at both hearings, concluded that appellant was competently represented, and suffered no prejudice due to counsel's absence from the debriefings. While legal questions are reviewed de novo, a claim of ineffective assistance of counsel is a mixed question of law and fact. Strickland v. Washington, 466 U.S. 668, 698 (1984). When the mix is fact-dominated, as it is here, we necessarily place relatively greater reliance on the fact- finder. See McGill, 11 F.3d at 226 n.2 (observing differences in courts' approaches to review of ineffective assistance claims). Further deference is due the judge's first-hand observations of counsel's performance. Id. at 225. Appellant points to nothing suggesting error in the court's conclusion and we see no error.
 
 
 15
 Lastly appellant asserts two challenges to the statutory authority for his sentence. Neither argument was properly preserved for appeal, but we note that both contentions appear foreclosed by our decisions in related appeals brought by appellant's codefendants. In Padilla- Palacios v. United States, 932 F.2d 31, 33 (1st Cir. 1991), following the Supreme Court's decision in Gozlon-Peretz v. United States, 498 U.S. 395 (1991), we rejected the contention that the district court erred in imposing a mandatory term of supervised release for this crime, committed during the "hiatus period" between two different versions of the federal drug law. We also found, in circumstances indistinguishable from those attending appellant's plea, that the codefendant's rights were not otherwise violated by the court's statement at the joint change of plea hearing that it would not impose a term of supervised release. Padilla-Palacios, 932 F.2d at 35. In United States v. Agressot-Coas, Dkt. no. 89-1187, slip op. at 9 n. 10 (1st Cir. May 23, 1990), we rejected the other statutory challenge, that the increased imprisonment penalties in the Anti-Drug Abuse Act of 1986, 21 U.S.C. Sec. 960(b), did not apply to this crime. Since the ADAA penalty provision was enacted seven months before the date that this crime was committed, and there was no expression by Congress of a contrary intent, we concluded that the district court had correctly applied the increased penalty provision in this case. Accord Gozlon-Peretz, 498 U.S. at 404 (applying the general rule that statute takes effect on date of enactment in absence of a clear contrary direction by Congress to interpretation of other provisions of ADAA).
 
 
 16
 In sum, appellant has demonstrated neither his entitlement to an evidentiary hearing on, nor error in the denial of, the motion for relief under 28 U.S.C. Sec. 2255.
 
 
 17
 Affirmed.
 
 
 
 [1]
 Appellant alleges that he was misled by the court's use of the words "predictions" or "prophecies." He claims he would have answered differently had the court instead used the word "promises." Whatever the semantic possibilities, this assertion, too, is refuted by the record which shows that appellant specifically denied any collateral "promises" when he subsequently completed the written plea petition. Moreover, "we have never held the district courts to a formula of magic words" in meeting the requirements of Rule 11." United States v. Medina-Silverio, 1994 WL 364135 at * 3 (1st Cir. July 19, 1994)