Lemieux v. Freudenberg, et al.       CV-99-189-M     11/17/99
                      UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


Shirley Lemieux,
        Plaintiff

        v.                                     Civil No. 99-189-M

Freudenberg NOK General Partnership
and Joseph Groleau,
        Defendants


                            O R D E R


        Shirley Lemieux brings this action under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and New

Hampshire common law, seeking damages from her former employer,

Freudenberg NOK, and a former co-worker, Joseph Groleau, for

alleged acts of workplace sexual harassment and discrimination.

Defendant Groleau has moved to dismiss the claims against him set

forth in count 5 (negligent infliction of emotional distress) and

count 6 (intentional infliction of emotional distress), alleging

the court lacks subject matter jurisdiction and/or those claims

fail to state viable, cognizable causes of action.  Plaintiff

objects.



                        **Standard of Review**

        A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of

limited inquiry, focusing not on "whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims."  Scheuer v. Rhodes, 416 U.S.

232, 236 (1974).  In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

## Facts

Accepting the allegations set forth in the complaint as true, and reading them in the light most favorable to the plaintiff, the relevant facts are as follows.

Plaintiff began working for Freudenberg NOK in October, 1986.  After 10 years on the job, she was terminated, ostensibly for insubordination (based upon her alleged refusal to participate in a mandatory exercise program), in October, 1996. During the course of her employment, plaintiff claims to have been subjected to repeated and pervasive sexual solicitations by defendant Groleau and another (female) employee.  She claims, among other things, that Groleau repeatedly made unwelcome sexual advances toward her, touched her in a sexual and inappropriate manner, and made rude and offensive sexually charged remarks to and about her.  On October 2, 1996, plaintiff claims that, during an employee exercise period, Groleau approached her from behind

2

and grabbed her breast.  The following day, she says she reported the incident to her supervisor and told him that she was no longer comfortable participating in the exercise program with Groleau nearby.  Plaintiff claims that her supervisor undertook no investigation and implemented no remedial action and, notwithstanding its actual knowledge of Groleau's repeated and continuing unlawful conduct, her employer, Freudenberg NOK, did nothing to stop it.

Five days after reporting Groleau's conduct to her supervisor, plaintiff was terminated.  Freudenberg NOK's stated basis for her discharge included plaintiff's refusal "to join the other cell members for the mandatory exercise program."

## Discussion

Groleau asserts that plaintiff's common law tort claims against him are barred by the exclusivity provisions of New Hampshire's Workers' Compensation Act, N.H. Rev. Stat. Ann. ("RSA") ch. 281-A.  That statute provides, in relevant part, as follows:

> An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions of this chapter and, on behalf of the employee or the employee's personal or legal representatives, to have waived all rights of action whether at common law or by statute or provided under the laws of any other state or otherwise:
>
> (a)  Against the employer or the employer's insurance carrier or an association or group

3

> providing self-insurance to a number of
> employers; and
>
> (b)   Except for intentional torts, against any
>        officer, director, agent, servant or employee
>        acting on behalf of the employer or the
>        employer's insurance carrier or an
>        association or group providing self-insurance
>        to a number of employers.

RSA 281-A:8 I (emphasis supplied).


This court has repeatedly held that New Hampshire's Workers' Compensation Act precludes an employee from pursuing common law claims for both negligent and intentional torts against his or her employer. See, e.g., Miller v. CBC Companies, Inc., 908 F.Supp. 1054, 1068 (D.N.H. 1995). See also O'Keefe v. Associated Grocers of N.E., Inc., 120 N.H. 834, 835-36 (1980); Censullo v. Brenka Video, Inc., 989 F.2d 40, 43-44 (1st Cir. 1993).


With regard to claims against fellow employees, however, the statute does not preclude a party from suing a co-worker for intentional torts. See RSA 281-A:8, I(b). See also Rossi v. Town of Pelham, 35 F.Supp.2d 58, 75 (D.N.H. 1997) (holding that New Hampshire's Workers' Compensation Act "permits plaintiff's claim for intentional infliction of emotional distress against the individual defendants."); Yale v. Town of Allenstown, 969 F.Supp. 798, 800 (D.N.H. 1997) ("The exclusivity provision does not bar intentional tort claims against co-employees.").

4

Nevertheless, Groleau claims that the court should dismiss plaintiff's claim for intentional infliction of emotional distress, asserting that "the conduct of Mr. Groleau, . . . does not rise, or rather descend, to that level of behavior which . . . may be characterized as 'extreme and outrageous' for the purpose of satisfying the elements of the tort [of intentional infliction of emotional distress]." Defendant's motion to dismiss (document no. 7) at 9. The court disagrees.

Assuming the truth of plaintiff's allegations, and construing them in the light most favorable to her, the conduct in which Groleau is alleged to have engaged (e.g., physically grabbing plaintiff's breasts; exposing himself to her; making sexually graphic comments to her; soliciting sexual favors from her; etc.) easily meets the pleading requirements necessary to set forth a viable claim for intentional infliction of emotional distress under New Hampshire common law. See, e.g., Duguay v. Androscoggin Valley Hospital, 67 Empl. Prac. Dec. ¶ 43,872, 1996 WL 157191 (D.N.H. 1996) (concluding that allegations that defendant "habitually, repeatedly and intentionally subjected [plaintiff] to sexually suggestive, demeaning and inappropriate statements" were sufficient to state a viable claim for intentional infliction of emotional distress.) See also Restatement (Second) of Torts, § 46, comment h ("It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and

outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.").

Plaintiff's allegations are sufficient to state a viable claim against Groleau for intentional infliction of emotional distress. Such a claim is not precluded by the exclusivity provisions of the New Hampshire Workers' Compensation Act. She is, therefore, entitled to present that claim to a jury.

## Conclusion

In light of the foregoing, the court holds that New Hampshire's Workers' Compensation Act bars plaintiff's negligence claims against Groleau. It does not, however, preclude her from pursuing her claim for intentional infliction of emotional distress.

Accordingly, defendant Groleau's motion to dismiss (document no. 7) is granted in part and denied in part. As to Groleau, Count 5 (negligent infliction of emotional distress) is dismissed.[1] Plaintiff is, however, entitled to present evidence

---

[1] To date, defendant Freudenberg NOK has not filed any dispositive motions. Accordingly, Count 5 of plaintiff's complaint remains against it.

6

in support of her common law claim for intentional infliction of emotional distress, as set forth in Count 6.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 17, 1999

cc:  Kimberly Kirkland, Esq.
     Daniel P. Schwarz, Esq.
     Lawrence M. Edelman, Esq.