March v. Technical Employment          CV-98-636-M    10/18/00
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Christine March,
        Plaintiff

        v.                                    Civil No. 98-636-M
                                              Opinion No. 2000 DNH 216
Technical Employment Services, Inc.
and Daniel Duncanson,
        Defendants


                          **O R D E R**


        Christine March brings this Title VII action against her

former employer, Technical Employment Services, Inc. ("TESI").

See 42 U.S.C. § 2000e et seq.  She also brings a state common law

claim for assault and battery against Daniel Duncanson, her

former supervisor, over which she asks the court to exercise

supplemental jurisdiction.  See 28 U.S.C. § 1367(a).  By prior

order, the court granted in part and denied in part defendants'

motion to dismiss.  Defendants now move for summary judgment as

to all remaining aspects of plaintiff's complaint.


        Viewing the record in the light most favorable to plaintiff,

and construing all reasonable inferences in her favor, it is

plain that there remain genuinely disputed issues of material fact.  If a jury were to credit plaintiff's evidence and the testimony of the witnesses whose affidavits she has supplied, it could reasonably conclude that plaintiff was subjected to a hostile work environment, permeated by inappropriate sexual conduct on the part of Duncanson that was both severe and pervasive.  See generally Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993); Meritor Savings Bank v. Vinson, 477 U.S. 57 (1986).  See also Exhibit A to plaintiff's objection, Transcript of testimony before New Hampshire Human Rights Commission; Exhibit B, Affidavit of Karen Tardivo.

Similarly, as to plaintiff's state law claim, a trier of fact could reasonably conclude that, on one or more occasions, Duncanson subjected plaintiff to unwelcome and offensive touching, thereby committing common law assault and/or battery. See generally Yale v. Town of Allenstown, 969 F. Supp. 798, 801 (D.N.H. 1997); Restatement (Second) of Torts §§ 18, 19, 21(1). See also Exhibit A to plaintiff's objection, Transcript of

testimony before New Hampshire Human Rights Commission; Exhibit B, Affidavit of Karen Tardivo.

In light of the foregoing, defendants' motion for summary judgment (document no. 24) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 18, 2000

cc:  Nancy Richards-Stower, Esq.
     Linda S. Johnson, Esq.