# United States Court of Appeals
## For the First Circuit

---

No. 98-2188

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS ALBERTO BERRIO-CALLEJAS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

---

Before

Selya, Circuit Judge,

Cyr, Senior Circuit Judge,

and Boudin, Circuit Judge.

---

Edgardo Rodriguez-Quilichini, Assistant Federal Public Defender, with whom Joseph C. Laws, Jr., Federal Public Defender, was on brief for appellant.
Camille Vélez-Rivé, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, were on brief for appellee.

July 13, 2000

**CYR, <u>Senior Circuit Judge</u>.** Like many before it, this appeal involves various violations of Federal Rule of Criminal Procedure 11(c) & (d).[1] Nevertheless, appellant has not demonstrated a total failure to comply with a "core" Rule 11 concern and, after assessing the errors committed by the district court, we are satisfied that they are harmless or, in one instance, conspicuously waived on this appeal. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Cotal-Crespo</u>, 47 F.3d 1, 4-5 (1st Cir. 1995); <u>United States</u> v. <u>Allard</u>, 926 F.2d 1237, 1244-45 (1st Cir. 1991); <u>see</u> <u>also</u> Fed. R. Crim. P. 11(h).

Appellant was charged by information, in the United States District Court for the District of Puerto Rico, with violating 21 U.S.C. § 841(a)(1) by knowingly possessing approximately 1,692.8 grams of cocaine base, with intent to distribute. After pleading guilty pursuant to a written plea agreement, he was sentenced, <u>inter</u> <u>alia</u>, to a 188-month prison term, the minimum prescribed under the applicable sentencing guidelines.

Appellant first contends that he did not know that the scheduled airline flight from Colombia to Spain, where he was to

---

[1]<u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>McDonald</u>, 121 F.3d 7 (1st Cir. 1997); <u>United States</u> v. <u>Lopez-Pineda</u>, 55 F.3d 693, 696 (1st Cir. 1995); <u>United States</u> v. <u>Cotal-Crespo</u>, 47 F.3d 1 (1st Cir. 1995); <u>United States</u> v. <u>Medina-Silverio</u>, 30 F.3d 1, 3 (1st Cir. 1994); <u>United States</u> v. <u>Allard</u>, 926 F.2d 1237 (1st Cir. 1991).

have delivered the cocaine, would land in Puerto Rico en route. See Fed. R. Crim. P. 11(c)(1) (mandating that district court inform defendant of "the nature of the charge to which the [guilty] plea is offered"). Although the Rule 11 colloquy conducted below in no sense foreclosed it, the present contention inevitably fails since it misapprehends the controlling law. See, e.g., United States v. McKenzie, 818 F.2d 115, 118-19 (1st Cir. 1987) (upholding conviction under § 841(a)(1) notwithstanding utter absence of evidence defendant intended to distribute drugs within United States).

Second, the district court's failure to address appellant directly during important portions of the Rule 11 proceeding, though contrary to Rule 11(c), violated no "core" Rule 11 concern under our jurisprudence.[2] See Allard, 926 F.2d at 1244-45; see also Cotal-Crespo, 47 F.3d at 4-5; cf. United States v. Medina-Silverio, 30 F.3d 1, 3 (1st Cir. 1994).

Third, appellant points out that the district court failed to inform him that the mandatory minimum prison term prescribed by statute is ten years. See 21 U.S.C. § 841(a) & (b)(1)(A); see also Fed. R. Crim. P. 11(c)(1). Furthermore, the

---

[2]See Cotal-Crespo, 47 F.3d at 4 (identifying "core concerns" as absence of coercion, understanding of charges, and knowledge of consequences of guilty plea). There is no suggestion of coercion. See also n.1 supra.

4

plea agreement itself misstated the minimum prison term as five years, rather than ten. Nonetheless, since it is undisputed that the 188-month prison term imposed by the district court is the <u>minimum</u> required under the applicable <u>sentencing</u> <u>guidelines</u>, these errors too must be deemed "harmless." <u>See</u> <u>United States</u> v. <u>McDonald</u>, 121 F.3d 7, 11 (1st Cir. 1997) (holding "harmless" the district court's failure to inform defendant of mandatory minimum sentence, as court ultimately imposed sentence lengthier than mandatory statutory minimum, "without any reference to the mandatory minimum").

Finally, before accepting the guilty plea, the district court did not address appellant directly in explaining the constitutional rights to remain silent and confront adverse witnesses at any trial. <u>See</u> Fed. R. Crim. P. 11(c)(3). The government responds that the omission was harmless because appellant signed the plea agreement itself, which accurately reflected the charges, as well as the basic constitutional rights waived under the plea agreement.[3]

In the "Statement of Facts" section of his appellate brief, appellant offers the conclusory observation that the district court violated Rule 11 in failing to advise that he

---

[3]Contrary to the government's characterization, however, the three-page plea agreement makes no mention of the two constitutional rights addressed here.

5

would have the right to confront adverse witnesses and to refrain from testifying at any trial. Then, at the very outset of the "Argument" section in his appellate brief, appellant explicitly delimits his argumentation to but two issues: the alleged violation of Rule 11(c)(1) by the district court, in failing to inform appellant of (i) the nature of the charges to which he was pleading guilty, and (ii) the correct mandatory minimum sentence, see supra. Moreover, appellant neither presents developed argumentation nor provides pertinent case citations respecting the asserted Rule 11(c)(3) omissions. Consequently, we deem these embryonic claims to have been waived on appeal. See, e.g., United States v. Rosario-Peralta, 199 F.3d 552, 563 n.4 (1st Cir. 1999) (appellate court deems waived issues presented in perfunctory manner, without developed argumentation).

The present waiver is particularly conspicuous, in that appellant neither suggests nor contends that he was actually unaware of these two constitutional rights at the Rule 11 hearing. Rather, upon being asked by the district court whether he had "discussed with [his] attorney the meaning of pleading guilty," and whether he was "satisfied with [his] attorney's representation," defendant responded in the affirmative, without limitation or qualification. (Emphasis added.) Finally, our

6

independent research reveals that the caselaw — concerning whether and in what circumstances a Rule 11(c)(3) omission may constitute reversible error — is at best opaque,[4] sufficient reason in itself to decline to reach an important question upon which appellant provides no elucidation whatsoever.

**Accordingly, the district court judgment is affirmed.**

---

[4]Compare, e.g., United States v. Tursi, 576 F.2d 396, 399 (1st Cir. 1978) (finding no reversible error in district court's failure to inform defendant of trial rights, but under pre-1976 version of Rule 11, which — unlike current Rule 11(c)(3) — did not enumerate specific trial rights), and United States v. Stead, 746 F.2d 355, 356-57 (6th Cir. 1984) (declining to vacate guilty plea though district court admittedly failed to warn defendant of right against self-incrimination and right to confront witnesses), with United States v. Carter, 619 F.2d 293, 295 (2d Cir. 1980) (reversing where district court omitted "core" requirement that defendant be advised of confrontation rights).