Pearson v. Hills. County HOC          99-584-JD       05/21/01

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Richard D. Pearson

     v.                                  Civil No. 99-584-JD
                                         Opinion No. 2001 DNH 097
Hillsborough County
Department of Corrections, et al.


                              O R D E R


     The plaintiff, Richard D. Pearson, proceeding pro se, brings

civil rights claims against the Hillsborough County Department of

Corrections, Superintendent James O'Mara, Jr., Correctional

Medical Services, Inc., and Celia Englander, M.D., alleging that

a lack of medical treatment provided by the defendants violated

his Eighth Amendment rights.[1]  The defendants move for summary

judgment.  The plaintiff has not filed a response to either

motion for summary judgment.

_____

     [1]In the initial review pursuant to 28 U.S.C.A. § 1915A, the
magistrate judge determined that the plaintiff stated an Eighth
Amendment claim actionable under 42 U.S.C.A. § 1983.  The
plaintiff subsequently amended his complaint making some
additional allegations.

<u>Standard of Review</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. <u>See</u> <u>Barreto-Rivera v. Medina-Vargas</u>, 168 F.3d 42, 45 (1st Cir. 1999).

A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986); <u>Torres v. E.I. Dupont De Nemours & Co.</u>, 219 F.3d 13, 18 (1st Cir. 2000). An unopposed motion for summary judgment can only be granted if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56. <u>See</u> <u>Carmona v. Toledo</u>, 215 F.3d 124, 134 n.9 (1st Cir. 2000).

2

<u>Background</u>[2]

John Pearson's jaw was broken when he was punched during an altercation on September 4, 1999. Surgery was performed to repair the fracture on September 8, 1999, by Dr. Marshall Baldassarre, an oral surgeon. Pearson's jaw was secured with a metal plating system, arch bars, elastic traction, and screws, with the result that his jaw was wired closed.

Pearson was arrested for domestic assault on September 22, 1999, and was incarcerated for less than a full day at the Hillsborough County House of Corrections ("Valley Street Jail"). During that time, he was kept in the medical housing unit. He posted bail and left the jail.

Pearson was arrested again on October 6, 1999, for violating the conditions of his bail, and was again incarcerated at the Valley Street Jail. In addition to his fractured jaw, which was wired closed, he wore a splint on his wrist due to prior wrist surgery. Pearson was assigned to the medical housing unit and given two extra pillows, restricted activity, a liquid diet, medication for discomfort, and a prescription for continued use

_____

[2]The plaintiff has not submitted a factual statement in opposition to the defendants' motion for summary judgment, and therefore, the defendants' properly supported facts are deemed to be admitted. <u>See</u> LR 7.2(b). Nevertheless, the court also includes pertinent background information taken from the plaintiff's pleadings.

of the wrist splint.

While incarcerated, Pearson treated with Dr. Baldassarre in a course of five appointments between October 6 and December 9, 1999. Pearson continued to receive medications and treatment prescribed by Dr. Baldassarre. At the last appointment, Dr. Baldassarre diagnosed that Pearson's jaw had a nonunion of the fracture on the left side. Dr. Baldassarre referred Pearson's case to Dr. Rocco Addante at the Dartmouth Hitchcock Medical Center for consideration of bone graft surgery to repair the nonunion.

In a letter to the Medical Department at Valley Street Jail dated December 22, 1999, Dr. Baldassarre explained that "Mr. Pearson has been extremely noncompliant in keeping the fixation applied. He returned almost every visit with the fixation off." As a result, Dr. Baldassarre wrote, the fracture did not heal and Pearson would need bone grafting procedures for which he made the referral to Dr. Addante. Dr. Baldassarre stated, "The treatment of this nonunion is by no means an emergency situation and is very elective treatment."

Pearson apparently received no further medical treatment for the nonunion while he was incarcerated. He was released from jail on February 1, 2000. The following day Dr. Baldassarre removed the remaining fixation hardware from Pearson's jaw.

4

Pearson contends that the defendants' failure to provide him with proper medical care, in particular the bone graft surgery recommended by Dr. Baldassarre, violated his Eighth Amendment rights to be free of cruel and unusual punishment. In support of their motions for summary judgment, the defendants assert that Pearson received constitutionally appropriate medical care.

To violate the Eighth Amendment, the defendants must have acted with deliberate indifference to Pearson's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). There is no dispute that Pearson's fractured and wired jaw presented a serious medical need. See, e.g., Gaudrealt v. Salem, 923 F.2d 203, 208 (1st Cir. 1990). Deliberate indifference in the prison context requires "an actual, subjective appreciation of risk," meaning that "'the official knows of and disregards an excessive risk to inmate health or safety.'" Giroux v. Somerset County, 178 F.3d 28, 32 (1st Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Prison officials will not be liable if they responded reasonably to a known substantial risk. See Farmer, 511 U.S. at 844.

In this case, Pearson does not dispute that he was provided medical treatment for his fractured jaw. His only developed complaint is that the defendants did not schedule an appointment

5

with Dr. Addante for the bone graft surgery recommended by Dr. Baldassarre. As Dr. Baldassarre made abundantly clear, however, the nonunion of Pearson's jaw was the result of his own noncompliance with his treatment and the bone graft surgery was not in any way urgent. Pearson was released from jail less than two months after Dr. Baldassarre diagnosed the nonunion and recommended additional surgery.

Under these circumstances, Pearson received reasonable medical treatment. He was not constitutionally entitled to the treatment of his choice. See Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Therefore, no trialworthy issue exists as to whether the defendants were deliberately indifferent to Pearson's serious medical needs.[3]

## Conclusion

For the foregoing reasons, the defendants' motions for summary judgment (documents no. 27 and 28) are granted. The

---

[3]To the extent Pearson may have intended to raise state tort claims, those claims are not sufficiently clear from the pleadings to permit review. Further, since supplemental jurisdiction is the only apparent basis for subject matter jurisdiction as to such claims, the court declines to exercise jurisdiction. See 28 U.S.C.A. § 1367(c)(3).

clerk of court shall enter judgment accordingly and close the case.

     SO ORDERED.

                                         _____
                                         Joseph A. DiClerico, Jr.
                                         District Judge

May 21, 2001

cc:  Richard Pearson, pro se
     John A. Curran, Esquire
     Christine A. Desmarais-Gordon, Esquire
     Craig R. Waksler, Esquire