Demyanovich v. Denune                    CV-99-457-JD  09/24/01

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Brian Demyanovich

     v.                                  Civil No. 99-457-JD
                                         Opinion No. 2001 DNH 173
David Denune


O R D E R


     The plaintiff, Brian Demyanovich, proceeding pro se, brought suit under 42 U.S.C.A. § 1983 challenging his treatment at the New Hampshire State Prison.  Following review pursuant to 28 U.S.C.A. § 1915A(a), the court determined that only the plaintiff's Eighth Amendment claim, alleging a denial of necessary medical care, remains in the case.  The remaining defendant, David Denune, moves for summary judgment.  The plaintiff has not responded.


Standard of Review

     Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999).

A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 18 (1st Cir. 2000). An unopposed motion for summary judgment can only be granted if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56. See Carmona v. Toledo, 215 F.3d 124, 134 n.9 (1st Cir. 2000). An absence of evidence on a material issue weighs against the party who would bear the burden of proof at trial on that issue. See Perez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001).

## Background

Since the plaintiff filed nothing in response to the defendant's motion for summary judgment, all properly supported facts in the defendant's memorandum are deemed admitted. See LR 7.2(b)(2).

Brian Demyanovich entered the New Hampshire State Prison on December 8, 1998, from the Rockingham County Department of

2

Corrections. While incarcerated at the county jail, Demyanovich was treated by psychiatrist Dr. Steven Gessitt, who diagnosed Demyanovich with an adjustment reaction and Ativan dependence and prescribed various medications at different times including Zoloft. During his initial physical examination at the state prison, Demyanovich told the nurse that he was taking Zoloft for depression and anxiety. After confirming his prescription with the county jail, the state prison staff continued Demyanovich's Zoloft prescription.

The defendant, David Denune, is a board certified psychiatrist, licensed in New Hampshire, with twenty-five years of practice experience. Dr. Denune examined Demyanovich on December 15, 1998. Demyanovich was uncooperative during the examination, complaining about the legal system instead of explaining or seeking help for his mental condition. Dr. Denune found no indications of a major mental disorder, but because he had not been able to complete his examination, he provisionally ordered a continuation of the Zoloft prescription.

Dr. Denune was transferred to another facility, and Dr. Santiago replaced him. Demyanovich was also uncooperative with Dr. Santiago. Dr. Santiago diagnosed Demyanovich as a complainer with an adjustment disorder. Although such conditions are not

usually treated with Zoloft, Dr. Santiago continued Demyanovich's prescription.

Dr. Denune again saw Demyanovich on May 6, 1999, after being transferred back to the Concord facility. Dr. Denune found that Demyanovich was primarily angry and hysterical and had doubts about the continued benefits of Zoloft. He diagnosed a resistant personality structure and adjustment disorder, which are not normally treated with Zoloft or any medication. Nevertheless, Dr. Denune continued the Zoloft prescription. Dr. Denune saw Demyanovich again in June and noted no significant changes.

On August 5, 1999, Demyanovich missed his appointment. Dr. Denune determined that the better course of treatment would be to taper Demyanovich off of Zoloft and then re-evaluate him after he had been off of medication for a period of time. Dr. Denune ordered reductions in the dosage over a period of twelve days. Dr. Denune left on vacation the next day.

Demyanovich went to the infirmary on August 18, the day his Zoloft prescription ended, complaining about mood swings. The therapist who met with him noted that he was agitated and tearful about the termination of his prescription and referred him to a psychiatrist for evaluation. Dr. Gessitt saw Demyanovich and restarted Zoloft treatment for three weeks until Dr. Denune returned.

4

When the three week continuation stopped on September 7 or 8, 1999, Demyanovich returned to the infirmary to have the prescription renewed. Dr. Denune was contacted. Dr. Denune consulted with Richard Fellows, Ph.D., Chief of Mental Health, who was familiar with Demyanovich's case, about treatment. Dr. Fellows concurred that no further treatment with medication was required. Dr. Denune refused to continue Demyanovich's Zoloft prescription at that time, preferring to wait until Demyanovich's regular appointment on September 21.

Demyanovich wrote to Dr. Denune on September 15 asking to be put back on Zoloft. Demyanovich said he was not able to maintain normal behavior and thought patterns without medication. Dr. Denune thought Demyanovich was exaggerating his symptoms and did not restart Zoloft. Dr. Denune saw Demyanovich on September 21. He noted that Demyanovich was doing well in his school work and appeared to be functioning well but that he did show signs of mood swings and tearfulness. Dr. Denune decided there was a possibility that Demyanovich was suffering from depression, in addition to his adjustment disorder, and again prescribed Zoloft.

## Discussion

Demyanovich contends that Dr. Denune's decision to terminate his treatment with Zoloft, in mid August, constituted cruel and

5

unusual punishment in violation of the Eighth Amendment. Dr. Denune moves for summary judgment on the ground that no genuine material issues exist as to Demyanovich's claim. Dr. Denune asserts that Demyanovich cannot show that he was deliberately indifferent to a serious medical need, or alternatively, that he is entitled to qualified immunity.

To show an Eighth Amendment violation, Demyanovich must prove that Dr. Denune was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Deliberate indifference in the Eighth Amendment context is subjective and requires proof that the official knew of and disregarded an excessive risk to the inmate's serious medical need. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "A 'serious medical need' is one 'that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Mahan v. Plymouth County House of Correction, 63 F.3d 14, 17 (1st Cir. 1995) (quoting Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990)).

The Eighth Amendment does not entitle an inmate to the treatment of his choice. See Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Similarly, medical negligence is not actionable under the Eighth Amendment. See Watson v. Caton, 984 F.2d 537,

6

540 (1st Cir. 1993). Prison officials are not liable if they responded reasonably to a known substantial risk. See Farmer, 511 U.S. at 837.

In this case, the record amply demonstrates that Dr. Denune treated Demyanovich for his claimed mental disorder. Dr. Denune's decision to temporarily discontinue Zoloft is supported with a reasonable diagnosis and medical opinion. Therefore, as no trialworthy issue remains that is material to Demyanovich's Eighth Amendment claim, Dr. Denune is entitled to summary judgment in his favor.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 16) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

September 24, 2001

cc: Brian K. Demyanovich, pro se
    Andrew B. Livernois, Esquire

7