Wilson v. Brock                    CV-01-284-JD   07/18/02
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Gary D. Wilson

     v.                             Civil No. 01-284-JD
                                    Opinion No. 2002 DNH 137
David Brock, et al.


                        O R D E R


     The plaintiff, Gary D. Wilson, proceeding pro se, brings

civil rights and state law claims against his former wife, state

and federal officials, agencies, a town, and individuals, arising

from his dissatisfaction with actions taken with respect to child

visitation and custody and his child support obligations.  The

federal defendants, the State of New Hampshire defendants, the

town of Derry and Rockingham County defendants, David Sandberg,

and Julie Pierce move to dismiss the claims brought against them.

The federal defendants also move, in the alternative, for summary

judgment.  Wilson has filed objections to the motions, except for

Sandberg's motion.

     As a preliminary matter, the court notes that Wilson has

listed himself as a plaintiff both on his own behalf and as next

friend of his daughter, Jennifer Wilson.  "The federal courts

have consistently rejected attempts at third-party lay

representation."  Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41,

42 (1st Cir. 1982).  Under Local Rule 83.6(b), a person who is

not a member of the bar of this court cannot appear on behalf of a pro se party, and that includes a relative. Gary Wilson may appear on behalf of himself in this action, but he cannot appear pro se as "next friend" on behalf of his daughter, Jennifer Wilson. Therefore, Gary Wilson as "next friend" of Jennifer Wilson is not a party in this case, and all claims brought on behalf of Jennifer Wilson are dismissed.

## Discussion

Because the defendants' motions raise different issues and pertain to different facts, each motion will be addressed separately.

### A. David Sandberg's Motion

David Sandberg served as the guardian ad litem for issues pertaining to the custody of Jennifer Wilson during Gary and Julie (now Julie Pierce) Wilson's divorce proceeding. Wilson alleges that the parties entered a custody agreement in 1990, which was vacated the following year, and then agreed to a second custody arrangement in 1992, which was approved by the court. Wilson's claim against Sandberg, "Malfeasance of Duty and Bias," alleges, in essence, that Sandberg did not act in Jennifer's best interests, and that as a result, Jennifer was, among other things, deprived of a stable home and parenting by her father.

2

Sandberg moves to dismiss the claims on the grounds that the allegations fail to state a claim and that he is immune from liability based on actions taken in his role as guardian ad litem. All of Wilson's claims against Sandberg are brought on behalf of Jennifer. As is discussed above, Wilson, who is proceeding pro se, cannot bring claims on behalf of his daughter. Therefore, even if the claims were viable, they cannot be litigated in this case. The claims against Sandberg are dismissed.

B. Federal Defendants' Motion

The federal defendants are Donna Shalala and the United States Department of Health and Human Services ("HHS"). Wilson titles his claim against HHS and Shalala as "Propaganda/Mass Hysteria." Wilson alleges that Shalala and her predecessors at HHS exaggerated the amount of child support owed by obligor parents and suppressed information that did not support the hysteria about nonpayment. He alleges that those actions caused a "McCarthyism" atmosphere which lead to a process rife with constitutional violations and to the violation of Wilson's rights to due process and equal protection. He seeks a declaratory judgment that Shalala and her predecessors at HHS contributed to the violation of his constitutional rights.

The federal defendants move to dismiss the claim due to

improper service of process.  They also move to dismiss on the grounds that Wilson has not stated a claim under the Federal Tort Claims Act ("FTCA"), the claim is barred by the FTCA, no claim is stated under a <u>Bivens</u> theory, and Shalala is entitled to immunity from a <u>Bivens</u> claim.[1]

A defendant may move to dismiss an action for insufficiency of service of process.  <u>See</u> Fed. R. Civ. P. 12(b)(4) & (5).  Federal Rule of Civil Procedure 4(i) provides the procedure for serving the agencies, officers, and employees of the United States.  Wilson delivered copies of the complaint and the court's preliminary order to the office of the United States Attorney for the District of New Hampshire, but he did not include summonses as required by Rule 4(i)(1)(A).  Wilson also did not send a copy of the summons and the complaint to the Attorney General.  <u>See</u> Fed. R. Civ. P. 4(i)(1)(B).  In addition, he failed to properly serve Donna Shalala.  Rule 4(i), however, requires the court to allow a reasonable time to cure a failure to effect proper service.  <u>See</u> Fed. R. Civ. P. 4(i)(3).  Therefore, the court will consider the other grounds raised by the federal defendants in support of their motion to dismiss.

"Under the Federal Tort Claims Act, the United States waives its sovereign immunity for 'injury or loss of property . . .

---

[1]<u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Abreu-Guzman v. Ford, 241 F.3d 69, 75 (1st Cir. 2001) (quoting 28 U.S.C. § 1346(b)). The FTCA does not waive sovereign immunity as to intentional torts, except for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. See id. In addition, the FTCA requires an administrative process as a prerequisite to suit. See Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000).

Wilson's claim against HHS and Shalala alleges intentional actions of disseminating false and misleading information and suppressing other information. As such, the claim is not covered by the FTCA. More importantly, however, Wilson has not complied with the administrative requirements of the FTCA. Therefore, the FTCA does not provide a cause of action.

Alternatively, under a Bivens theory, a plaintiff may seek money damages from government officials who violate their federal constitutional rights. See Wilson v. Layne, 526 U.S. 603, 609 (1999). Federal agencies, however, such as HHS may not be sued under a Bivens theory. See Corr. Servs. Corp. v. Malesko, 122 S.

Ct. 515, 520-21 (2001) (discussing <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-86 (1994)). Shalala, in her individual capacity, is entitled to qualified immunity if the right alleged by Wilson was not clearly established at the time of the alleged violation. <u>See, e.g.</u>, <u>Wilson</u>, 526 U.S. at 609.

As part of the qualified immunity analysis, the court must first decide whether the plaintiff has alleged "the deprivation of an actual constitutional right at all." <u>Id.</u> Wilson's allegations that Shalala created hysteria about unpaid child support through misinformation and propaganda which contributed to cause due process violations by others in the context of his child support obligations does not state a constitutional violation. Even if there were such a violation, however, it was not clearly established, and Shalala is entitled to qualified immunity.

Since Wilson seeks a declaratory judgment, rather than money damages, a question arises as to whether the court would have subject matter jurisdiction to consider the claim under the Declaratory Judgment Act. <u>See</u> 28 U.S.C. § 2201. First, Wilson's claim does not state a sufficient case or controversy to invoke the subject matter jurisdiction of the court under the Declaratory Judgment Act. <u>See</u> 2201(a); <u>see also</u> <u>Sallen v. Corinthians Licenciamentos LTDA</u>, 273 F.3d 14, 22 (1st Cir. 2001). In addition, even if a case or controversy could be found in

6

Wilson's claim, the court declines to exercise jurisdiction in this case due to the amorphous and attenuated nature of the claim. See Hartford Fire Ins. Co. v. R.I. Public Transit Auth., 233 F.3d 127, 130 (1st Cir. 2000).

Therefore, Wilson's claim against the federal defendants is dismissed for failure to state a claim under either the FTCA or a Bivens theory and for lack of subject matter jurisdiction under the Declaratory Judgment Act.

C.  The State Defendants

As alleged in the complaint, the state defendants are the State of New Hampshire Office of Child Support Enforcement ("OCSE"); David Brock, Chief Justice of the New Hampshire Supreme Court; Douglas R. Gray and Richard E. Galway, justices of the New Hampshire Superior Court; Edmond Duschene, a hearings officer at the New Hampshire Division of Health and Human Services; Ruth Eisman and Linda LaFlamme, child support enforcement officers in the OCSE, Division of Health and Human Services; Jane Schrich, an attorney for the OSCE; Raymond W. Taylor, clerk of court, Rockingham County Superior Court; and Donald Shumway and Terry L. Morton, former commissioners of the New Hampshire Division of Health and Human Services.  Wilson's claims arise from the enforcement actions by the OCSE and related state court proceedings.

7

The state defendants move to dismiss the action, pursuant to Rules 12(b)(4) and (5), for insufficient process and insufficient service of process. The state defendants also note that Terry L. Morton no longer works at the New Hampshire Division of Health and Human Services so that the papers Wilson left there did not reach Morton. Wilson does not contest the deficiencies in the process or service, but asks the court "to exercise it's [sic] discretion regarding this matter." Memorandum at 3.

Contrary to Wilson's belief, the court lacks discretion to ignore deficiencies in process or service. See Fed. R. Civ. P. 4(m). When proper service is not made within the time allowed, instead of dismissing the complaint the court may require that proper service be made within a specified time. See id. Therefore, the court will consider the other grounds raised by the state defendants.

The state defendants also move to dismiss Wilson's claims as barred by the Rooker-Feldman doctrine.[2] Under the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to review state court judgments or to consider claims "that are 'inextricably intertwined' with the claims adjudicated in state court." Picard v. Members of Employee Ret. Bd., 275 F.3d 139, 145 (1st Cir.

---

[2]See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

8

2001); see also In re Middlesex Power Equip., 292 F.3d 61, 66 n.1 (1st Cir. 2002). "The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency." Verizon Md., Inc. v. P.S.C., 122 S. Ct. 1753, 1759 n.3 (2002).

In each of his claims, Wilson "incorporates by reference" his divorce case, Wilson v. Wilson, 89-M-142, Rockingham County Superior Court, and his child support case, which he identifies as "N.H. O.C.S.E. 0050506C." In some of the claims involving the state defendants, he also incorporates his petition to the New Hampshire Supreme Court, which he identifies as "Petition of Gary D. Wilson (99-256 New Hampshire Supreme Court) and as a "Writ of Certiorari . . . regarding outcome of administrative appeal," and another proceeding he identifies as "99-JT-00266, 00267, State of New Hampshire v. Gary D. Wilson."


1. Claims against the judges and court clerk.

Wilson's claims against Superior Court justices Gray and Galway challenge their decisions in court proceedings relating to custody and child support arrangements. This court lacks subject matter jurisdiction, as analyzed under the Rooker-Feldman doctrine, to consider those claims.

Wilson also seeks a declaratory judgment that Raymond Taylor, clerk of the Rockingham County Superior Court, violated

9

Wilson's right to due process when he notified him of a bail hearing which Wilson claims was actually a show cause hearing. He also alleges that Judge Galway would not permit him to object to proper notice during the hearing. As such, Wilson's claim challenges the validity of the state court proceeding on due process grounds. In essence, Wilson appeals the state court judgment which is barred by the Rooker-Feldman doctrine. In addition, the judges and Taylor are protected from the claims against them by judicial immunity.[3] See Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980).

Wilson's claim against Chief Justice Brock is less clear. To the extent he challenges the New Hampshire Supreme Court's discretionary decision to decline his appeal to review the OCSE's administrative decisions, such a claim fails because a litigant has no constitutional right to an appeal. See Lindsey v. Normet, 405 U.S. 56, 77 (1972). To the extent Wilson seeks a declaratory judgment that Chief Justice Brock is responsible for an unconstitutional relationship between the courts and the OCSE, the court declines to exercise subject matter jurisdiction under § 2201 as to such a claim.

---

[3]Wilson also seeks a declaratory judgment that Taylor allowed his duties as clerk to be performed by the OCSE, constituting "malfeasance of office."

2.  Claims against the other state defendants.

The claims against the other state defendants appear to be based on complaints about the administrative process and decisions in OCSE proceedings.  Those claims are not barred by the Rooker-Feldman doctrine.  See Verizon, 122 S. Ct. at 1759 n.3.  Alternatively, the state defendants contend that LaFlamme, Schrich, and Eisman are entitled to absolute immunity as prosecutors in the OCSE proceedings.  They also argue that claims against the state and individuals sued in their official capacities are barred by the Eleventh Amendment.

The Supreme Court recognizes absolute immunity to protect "the prosecutor when serving as an advocate in judicial proceedings." Kalina v. Fletcher, 522 U.S. 118, 125 (1997).  In appropriate circumstances, prosecutorial immunity extends to agency officials performing prosecutorial functions.  See Butz v. Economou, 438 U.S. 478, 515 (1978).  State officials and agency employees have been held to be absolutely immune for actions taken within a prosecutorial function in child welfare and support proceedings.  See, e.g., Babcock v. Tyler, 884 F.2d 497, 501-03 (9th Cir. 1989); Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986); Wagner v. Genesee County Bd. of Comm'rs, 607 F. Supp. 1158, 1164 (E.D. Mich. 1985).  Immunity is available, however, only when the prosecutor is performing functions that require prosecutorial discretion and does not

11

extend to functions that are merely administrative or investigative.  See Guzman-Rivera v. Rivera-Cruz, 55 F.3d 26, 29 (1st Cir. 1995).

Wilson's allegations against Eisman, Schrich, and LaFlamme do not clearly identify their functions in the OCSE process. His allegations appear to include prosecutorial functions along with investigative and administrative activities.  Eisman, Schrich, and LaFlamme move generally to dismiss the claims against them based on absolute prosecutorial immunity but do not address the specific allegations against them.  The court will not parse through the allegations to determine which may implicate prosecutorial immunity.  See, e.g., Williams v. Drake, 146 F.3d 44, 50 (1st Cir. 1998).

The state defendants argue that the State of New Hampshire and the state officials sued in their official capacities are entitled to immunity under the Eleventh Amendment and that Wilson has not alleged any basis for prospective declaratory relief. "As a general matter the several states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent." Greenless v. Almond, 277 F.3d 601, 606 (1st Cir. 2002).  An exception is the doctrine of Ex parte Young, 209 U.S. 123 (1908), which permits suit against a state official to obtain a declaratory judgment for prospective relief to enforce a federal right.  Id. at 606-07.  Suits against state

12

employees in their official capacities are suits against the state. See Negron Gaztambide v. Hernandez Torres, 145 F.3d 410, 416 (1st Cir. 1998).

Wilson sues the state defendants in their individual and official capacities. All but one of Wilson's claims against the state defendants seek a declaratory judgment to remedy past violations. As such, those claims are dismissed as to the State of New Hampshire, OCSE, and the individual defendants sued in their official capacities. In addition, to the extent Wilson seeks damages from the State of New Hampshire, OCSE, or the state defendants in their official capacities, those claims are dismissed.

In Count XIII, Wilson seeks a declaratory judgment that "the cooperative agreement between the OCSE and the New Hampshire Judiciary and the duties of the court performed by OCSE do constitute violation of the Separation of Powers doctrine and are therefore unconstitutional." Without regard to the merits of such a claim, Wilson does appear to seek prospective relief in Count XIII, which is not barred by the Eleventh Amendment.

Wilson shall make proper service of the complaint on each of the remaining state defendants or request a waiver from each defendant, on or before **August 2, 2002**. See Fed. R. Civ. P. 4(d),(1), & (m). Failure to make proper service or to request waiver within the time allowed will result in dismissal of the claims against the state defendants.

13

D.  <u>The Town and County Defendants</u>

Wilson brings claims against the town of Derry, New Hampshire; Jon Twiss and Keith Moreau, detectives in the Derry Police Department; Brenda Blonigen, a sergeant in the Rockingham County Sheriff's Department; and Gene Charron, Superintendent, Rockingham County House of Corrections pursuant to 42 U.S.C. § 1983.  The town and county defendants move to dismiss the claims against them pursuant to Rules 12(b)(4) and (5), for improper service of process, but they offer to waive service if a formal request is made pursuant to Rule 4(d).  They also move to dismiss the claims on the merits pursuant to Federal Rule of Civil Procedure 12(b)(6).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes all well-pled facts in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  See <u>Tompkins v. United Healthcare of New England, Inc.</u>, 203 F.3d 90, 93 (1st Cir. 2000).  The court "must carefully balance the rule of simplified civil pleadings against our need for more than conclusory allegations."  <u>Aybar v. Crispin-Reyes</u>, 118 F.3d 10, 13 (1st Cir. 1997) (quotation omitted).  A claim will be dismissed "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."  <u>Langadinos v. Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000).  A complaint filed by a pro se litigant is held to less stringent standards

14

than one drafted by a lawyer.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

### 1.  Claims against Derry and the officers in their official capacities.

In Count III, Wilson alleges that officers Twiss and Moreau conducted an illegal search of his home "without a warrant or other legal privilege."  He seeks a declaratory judgment "that the actions of Moreau and Twiss, and the Town of Derry on or about July 29, 1998, constituted illegal search and violation of privacy of plaintiff," and $75,000 in damages.  Derry moves to dismiss the claim against it, and the claims against Twiss and Moreau in their official capacities, on the ground that Wilson has not alleged a basis for a civil rights claim against the town.[4]

A town may be liable under § 1983 for its own acts, but it is not liable, based on a vicarious liability theory, for the acts of its employees.  See Bd. of the County Comm'rs v. Brown, 520 U.S. 397 403 (1997).  A town is liable only "when execution of a government's policy or custom . . . inflicts the injury." Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).  A single incident, not involving a municipal policymaker, is generally not sufficient to show a municipal custom or policy.

---

[4]A claim brought against a town official or employee in his official capacity is a claim against the town itself.  See Negron Gaztambide, 145 F.3d at 416.

15

See <u>Mahan v. Plymouth County House of Corrections</u>, 64 F.3d 14, 16-17 (1st Cir. 1995).

Despite Wilson's request for a declaratory judgment that the "actions" of the town on July 29, 1998, violated his rights, he alleges no actions by the town. Wilson alleges no town custom, policy, or practice that caused Moreau and Twiss to allegedly violate his rights. The town cannot be held vicariously liable for the actions of Twiss and Moreau. Nothing in the complaint suggests that they are policymakers for the police department, and the single incident on July 29, 1998, is insufficient to allege a practice, custom, or policy of the town. Therefore, the claims against the Town of Derry and against Officers Twiss and Moreau in their official capacities is dismissed.

Twiss and Moreau also move to dismiss the claims against them in their individual capacities. They argue that no Fourth Amendment violation occurred because "the complaint seemingly concedes that Plaintiff's mother consented to the search." In contrast, the complaint states that Twiss and Moreau searched "without a warrant or other legal privilege," which, taken as true, means that no consent was given. <u>See</u> <u>Tompkins v. United Healthcare of New England, Inc.</u>, 203 F.3d 90, 93 (1st Cir. 2000) (providing standard of review for motion to dismiss). Twiss and Moreau do not address Wilson's privacy claim under the Ninth Amendment.

16

<u>2.  Claims against Superintendent Charron and Sargeant Blonigen.</u>

In Count X, Wilson alleges that while he was incarcerated in the Rockingham County House of Corrections, he asked a corrections officer, identified as "Bobby," for a piece of paper and a writing utensil in order to file a court motion, which was denied, and that his request was also denied by a second officer. He states that the officers acted under the direction of Superintendent Charron.  In Count XI, Wilson alleges that he submitted a request to the jail staff for "basic legal materials" to prepare a defense for his October 4, 2000, bail hearing.  He states that he did not receive a response until after the hearing and then he was told to seek the materials elsewhere.  In both counts, he seeks declaratory judgments that his rights to due process and access to the courts, among others, were violated.

Superintendent Charron contends that Wilson's claims are deficient because they do not include allegations of direct conduct by Charron or of a custom, practice, or policy.  Charron, who is represented by counsel, cites no authority in support of his argument.  <u>Cf.</u> <u>Wilson v. Town of Mendon</u>, 2002 WL 1290415, at *3 (1st Cir. June 17, 2002) (discussing elements of supervisory liability); <u>Figueroa-Torres v. Toledo-Davila</u>, 232 F.3d 270, 279 (1st Cir. 2000) (same).  As such, Charron's argument for dismissing the claims against him is not sufficiently developed to permit review.  <u>See</u> <u>Higgins v. New Balance Athletic Shoe,</u>

17

Inc., 194 F.3d 252, 260 (1st Cir. 1999).

Sergeant Blonigen moves to dismiss the claims against her on the ground that the allegations that her actions were "'intentional and illegal' directly counters [Wilson's] attempts to pursue the officer on an official capacity claim." Blonigen's argument is unclear, and she cites no authority to support or clarify the argument. The court will not address an argument that is insufficiently developed to permit review. See id.

Twiss, Moreau, Charron, and Blonigen note that Wilson seeks declaratory judgments against them. They state, again without citation to authority, that Wilson "may not maintain such prayers and requested relief under the auspices of 42 USC § 1983 [sic] and pendent claims." Again, they cite no authority, and the court will not address an argument that is not sufficiently developed. See id.

E. Julie Pierce

Wilson alleges claims of breach of contract, fraud, abuse of judicial process, and parental alienation against his former wife, Julie Pierce, in Count I of the complaint. Although he includes allegations that involve Pierce in other parts of the complaint, his only claims against Pierce appear to be in Count I. In response, Pierce, who is also proceeding pro se, filed a pleading titled "Answer and Motion to Dismiss." Under the Local

18

Rules of this court, motions must be filed separately from other filings.  See LR 7.1(a)(1).  Therefore, Pierce's filing will be considered as her answer only.[5]

Pierce's motion to dismiss is denied without prejudice to file an appropriate motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  After the defendant has filed an answer "but within such time as not to delay the trial, [the defendant] may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor."  Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'"  Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[5]Although Wilson objects to a cross-claim in Pierce's filing, Pierce's "Answer and Motion to Dismiss" does not appear to include a cross-claim.

19

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson, 477 U.S. at 256; Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 18 (1st Cir. 2000).

## Conclusion

For the foregoing reasons, the claims brought by Gary D. Wilson on behalf of Jennifer Wilson are dismissed. The federal defendants' motion to dismiss (document no. 32) is granted. Defendant David Sandberg's motion to dismiss (document no. 38) is granted.

The state defendants' motion to dismiss (document no. 22) is granted as to the State of New Hampshire, the New Hampshire Office of Child Support Enforcement (except for the declaratory judgment sought in Count XIII), Chief Justice Brock, Judge

20

Galway, Judge Gray, Raymond Taylor, and the individual defendants sued in their official capacities. The motion is otherwise denied, except that the objection to service of process is addressed separately. The motion to dismiss filed by the Town of Derry, Officers Twiss and Moreau, Superintendent Charron, and Sergeant Blonigen (document no. 15) is granted as to the town and Officers Twiss and Moreau in their official capacities, and is otherwise denied, except that the objection to service of process is addressed separately.

Wilson shall make proper service on Edmond Duschene, Ruth Eisman, Linda LaFlamme, Terry L. Morton, Jane Schrich, Donald Shumway, the New Hampshire Office of Child Support Enforcement, Officers Twiss and Moreau, Superintendent Charron, and Sargeant Blonigen or request a waiver of service from each in compliance with Rule 4(d) on or before **August 2, 2002,** failing which the claims against those defendants will be dismissed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 18, 2002
cc: Gary D. Wilson, pro se
    Andrew B. Livernois, Esquire
    John A. Curran, Esquire
    Donald E. Gardner, Esquire
    Julie A. Pierce
    Marc R. Scheer, Esquire
    Charles H. Bohl, Esquire
    William C. Saturley, Esquire
    T. David Plourde, Esquire