Alfredo **LUCIANO**, et al., Plaintiffs,

v.

Pedro **ORTIZ ALVAREZ**,
et al., Defendants.

**Civ. No. 90–1558(PG).**

United States District Court,
D. Puerto Rico.

March 30, 1994.

Lawrence Duffy, San Juan, PR, for plaintiffs.

Mayra Maldonado Colón, Federal Litigation Div., Dept. of Justice, San Juan, PR, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### Introduction

Defendants have moved for summary judgment (Docket entries 20, 27, 31, 38). Plaintiffs have opposed (Docket entries 24, 41). For the reasons set forth below, defendants' motion is GRANTED.

### Facts

On March 4, 1986, and April 8, 1986, the Department of Consumer Affairs ("DACO") issued administrative orders requiring Elco Furniture to remove specified kitchen cabinets. Elco Furniture allegedly failed to comply with the orders. DACO moved in Puerto Rico Superior Court, Bayamón division, for an order to enforce the orders. DACO's motion was the subject of hearings on November 18, 1986, and February 16, 1988. Elco Furniture did not receive notice of the hearings. Judge José F. Rodríguez Rivera set a third hearing for April 19, 1988.

On April 6, 1988, defendant Carlos Rodríguez, a process server for DACO, sought to serve on Elco Furniture an order giving notice of the April 19 hearing and requiring Elco Furniture to appear at the hearing. The order was styled "Pedro Ortiz Alvarez, in his capacity as Secretary of the Department of Consumer Affairs, Petitioner, vs. Elco Furniture Co., Inc." (Exhibit 7, Defendants' Motion for Summary Judgment, Docket # 20). Defendant Rodríguez attempted to

serve plaintiff Alfredo Luciano. Plaintiff Luciano allegedly advised defendant Rodríguez that plaintiff Luciano was employed by Avanti Kitchens and was not employed by Elco Furniture; that Elco Furniture had filed for bankruptcy protection; and that Elco's President was not present. Nonetheless, defendant Rodríguez allegedly left the order with plaintiff Luciano. Defendant Rodríguez entered on the Notice of Service of Process a notation indicating that service had been performed on "Sr. Alfredo Luciano (Supervisor-person authorized to receive documents)" (Exhibit 7, Defendants' Motion for Summary Judgment, Docket # 20).

Elco Furniture did not attend the April 19, 1988, hearing. On May 24, 1988, Judge Rodríguez Rivera entered an order enforcing DACO's administrative orders, and threatening Elco Furniture with contempt in the event of non-compliance. Elco Furniture allegedly failed to comply with DACO's orders.

On January 19, 1989, defendant Ana M. Pérez Nieves, as DACO's counsel, filed in Puerto Rico Superior Court, Bayamón division, a motion requesting that Elco Furniture be found in contempt. The motion was styled "Pedro Ortiz Alvarez, in his capacity as Secretary of the Department of Consumer Affairs, Petitioner, vs. Elco Furniture Co., Inc." (Exhibit 13, Defendants' Motion for Summary Judgment, Docket # 20). On March 2, 1989, Judge Rodríguez Rivera ordered that plaintiff Luciano be arrested and incarcerated for Elco Furniture's failure to comply with DACO's administrative orders of March 4, 1986, and April 8, 1986 (Exhibit 12, Defendants' Motion for Summary Judgment, Docket # 20).

On April 18, 1989, plaintiff Luciano allegedly was arrested, searched, and transported to the State Penitentiary in Río Piedras. Plaintiff Luciano was released several hours later, when his wife, co-plaintiff Andrea Romero, notified defendant Ana M. Pérez Nieves of the error.

Plaintiff Luciano seeks damages for civil rights violations under 42 U.S.C. § 1983 and under the Constitution of Puerto Rico, and seeks redress for his pain and suffering. Plaintiff Romero seeks damages for pain and suffering.

## Discussion

### I. Summary judgment standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where the defendant has invoked Rule 56 and asserted a lack of supporting evidence, the plaintiff must establish the existence of a triable issue which is both genuine and material to his claim. *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993) (citing *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party [and] 'material' means that the fact is one that might affect the outcome of the suit under the governing law." *United States v. One Parcel of Real Property, Etc. (Great Harbor Neck, New Shoreham, R.I.)*, 960 F.2d 200, 204 (1st Cir. 1992).

"On issues where the nonmovant bears the ultimate burden of proof at trial, he may not defeat a motion for summary judgment by relying on evidence that is 'merely colorable' or 'not significantly probative.'" *Pagano v. Frank*, 983 F.2d at 347 (quoting *Anderson v. Liberty Lobby*, 477 U.S. at 249–50, 106 S.Ct. at 2511). The nonmovant must "present definite, competent evidence to rebut the motion." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991), *cert. denied* —— U.S. ——, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). "Summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### II. Defendants Pedro Ortiz Alvarez and Jorge Ocasio

The Complaint in this action was filed April 18, 1990. Plaintiffs sued, among oth-

ers, Pedro Ortiz Alvarez, "acting in his capacity as Secretary of the Department of Consumer Affairs" (Docket # 1). On June 7, 1990, plaintiffs informed the Court that defendant Pedro Ortiz Alvarez had advised plaintiffs that Jorge Ocasio served as Secretary of DACO "at the time of the events complained. of."[1] Plaintiffs thus requested permission to amend the Complaint by adding Jorge Ocasio as a defendant and modifying the caption so that it read as follows: "Jorge Ocasio, acting under the name of Pedro Ortiz Alvarez and acting in his capacity as Secretary of the Department of Consumers [sic] Affairs of the Commonwealth of Puerto Rico" (Docket # 6). On June 12, 1990, the Court granted plaintiffs' request.

One week later, defendants filed a Motion to Dismiss, in which they sought dismissal of plaintiffs' claims against defendant Ortiz Alvarez, on the grounds that Ortiz Alvarez had been sued only in his official capacity, and that the Eleventh Amendment bars a suit for money damages against a public official. On July 3, 1990, in their Opposition to Motion to Dismiss (Docket # 8), plaintiffs voluntarily dismissed the claims against Pedro Ortiz Alvarez.[2]

In their opposition, plaintiffs asserted that defendant Ortiz Alvarez had been sued in his personal capacity and attempted to clarify their intention to sue defendant Ocasio in his personal capacity. Plaintiffs requested leave to amend the Complaint by adding the words "individually, while" after the name of Jorge Ocasio. On July 9, 1990, plaintiffs served defendant Ocasio. The summons was addressed to "Jorge Ocasio, individually, acting under the name Pedro Ortiz Alvarez and while acting as Secretary of DACO" (Docket # 9).

Finally, on March 17, 1992, plaintiffs requested leave to amend the Complaint by making modifications designed to "clarify semantic issues raised by defendants" (Docket # 23). Plaintiffs did not specify the necessary modifications, but indicated that the modifications would be limited to those re-

quested in previously-filed pleadings. Permission to amend was granted by margin order April 24, 1992 (Docket # 23).

Without accepting that he has been subjected to personal-capacity claims, defendant Ocasio moves for dismissal of all personal-capacity and official-capacity claims.

### Official-capacity claims

Defendants' Motion to Dismiss the official-capacity claims against defendant Ocasio is hereby **GRANTED,** and the claims are hereby **DISMISSED.** Under the Eleventh Amendment, a state may not be sued without its consent. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). A state official may not be sued for money damages. *Id.* Congress may abrogate the states' sovereign immunity by clearly stating its intent to do so. *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Congress did not clearly intend to abrogate the states' sovereign immunity in enacting 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A judgment against defendant Ocasio in his official capacity as Secretary of DACO will be satisfied from the coffers of the Commonwealth. Therefore, defendant Ocasio may not be sued in his official capacity for money damages.

### Personal-capacity claims

Defendant Ocasio alleges that plaintiff has not sued defendant Ocasio in defendant Ocasio's personal capacity. Defendant argues alternatively that if plaintiff has set forth personal-capacity claims against defendant Ocasio, those claims are time-barred.

I find that plaintiffs have set forth personal-capacity claims against defendant Ocasio. The summons Ocasio received named him *"individually ... and* while acting in his official capacity...."" (emphasis added) Thus, Ocasio was aware immediately upon receiving notice of the Complaint that

---

**1.** Defendants did not contest this assertion.

**2.** In their opposition, plaintiffs stated that "Pedro Ortiz Alvarez ... is not a party to this suit."

Thus, if any question remains, plaintiffs' claims as to defendant Pedro Ortiz Alvarez are hereby dismissed.

he had been sued in his individual capacity, as well as in his official capacity.

■ I find also that plaintiffs' personal-capacity claims against defendant Ocasio are not time-barred. The statute of limitations in actions under 42 U.S.C. § 1983 is derived from the statute of limitations governing state law personal injury claims. *Wilson v. Garcia,* 471 U.S. 261, 276–79, 105 S.Ct. 1938, 2748–49, 85 L.Ed.2d 254 (1985). Under Puerto Rico law, the statute of limitations for tort actions is one year from the time plaintiff gains knowledge of his claim. P.R.Laws Ann. tit. 31, § 5298 (1990); *see Colón Prieto v. Géigel,* 115 P.R.Dec. 232, 244–45 (1984). A plaintiff is not subject to the limitations period until he has "notice of the injury" and "notice of the person who caused it." *Kaiser v. Armstrong Industries,* 872 F.2d 512, 515–16 (1st Cir.1989) (quoting *Colón Prieto v. Géigel, supra* ). For the reasons set forth below, plaintiffs could not have known that Ocasio was the alleged author of their injuries.

■ Plaintiffs failed to name Jorge Ocasio as a defendant in the Complaint filed April 18, 1990, because Pedro Ortiz Alvarez was listed as Secretary of DACO and petitioner on the Motion for Contempt filed by defendant Pérez Nieves. Plaintiffs reasonably believed that Ortiz Alvarez, as Secretary of DACO, had taken actions leading to the arrest and imprisonment of plaintiff Luciano. Plaintiffs could not have known that Ocasio was serving as Secretary of DACO on April 18, 1989, the date on which police officers executed the arrest order issued by Judge Rodríguez Rivera. Plaintiffs' failure to name Jorge Ocasio as a defendant within the applicable limitations period was due to Ocasio's actions rather than plaintiffs' negligence. *Hodge v. Parke Davis & Co.,* 833 F.2d 6, 8 (1st Cir.1987) (citation omitted). As soon as plaintiffs became aware that Ortiz Alvarez was an inappropriate defendant, plaintiffs named Ocasio as a defendant, replacing Ortiz Alvarez. I find that plaintiffs would have sued Jorge Ocasio on a timely basis, had Ocasio's name, rather that of Ortiz Alvarez, been included in the caption of the Motion for Contempt filed by DACO under Ocasio.

I hold that plaintiffs have stated personal-capacity claims against defendant Ocasio, and that these claims are not time-barred.

*Lack of personal involvement*

■ Defendant Ocasio moves for summary judgment on the basis that his personal involvement with the alleged constitutional violations was insubstantial. This argument essentially is identical to that made in a motion to dismiss for failure state a claim. Fed. R.Civ.P. 12(b)(6). In the First Circuit, supervisory liability under 42 U.S.C. § 1983 attaches upon proof that defendant's acts were grossly negligent, or deliberately, recklessly, or callously indifferent. *Gutiérrez–Rodríguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir.1989). "A recklessly or callously indifferent violation occurs ... if the official believes (or reasonably should believe) that his conduct is *very likely* (but not certain) to result in such a violation." *Germany v. Vance,* 868 F.2d 9, 18, n. 10 (1st Cir.1989) (emphasis in original) [citation omitted]. A supervisor may not, however, be adjudged liable upon a theory of *respondeat superior.* *Gutiérrez–Rodríguez v. Cartagena,* 882 F.2d at 562 [citations omitted]. Plaintiffs have alleged that defendant Ocasio sought the warrant that led to plaintiff Luciano's arrest and imprisonment, and that defendant Ocasio did so despite knowing that plaintiff Luciano was not legally responsible for the actions of Elco Furniture. Plaintiffs have not supported the conclusory allegations contained in the Complaint. Indeed, plaintiffs have not submitted evidence suggesting in any way that defendant Ocasio was involved personally in the decision to seek contempt sanctions against Elco Furniture. The record before me presents no set of facts which, if proven, could form the basis of a successful claim against defendant Ocasio. Therefore, defendant Ocasio's Motion for Summary Judgment is **GRANTED.** All claims against defendant Ocasio are hereby **DISMISSED.**

### III. *Defendant José F. Rodríguez Rivera*

■ Defendant Rodríguez Rivera is entitled to absolute judicial immunity against the claims made in this action. A judge "will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump*

*v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) [citation omitted]. *See also id.* at n. 7 (illustrating concept of lack of jurisdiction). Defendant Rodríguez Rivera acted within the usual parameters of his role. Therefore, defendant Rodríguez Rivera's Motion for Summary Judgment is **GRANTED.** The claims against defendant Rodríguez Rivera are **DISMISSED.**

### IV. *Defendant Ana M. Pérez Nieves*

Defendant Pérez Nieves is entitled to absolute prosecutorial immunity against the claims made in this action. An agency attorney may not be sued for damages arising from the attorney's initiation or prosecution of litigation. *Butz v. Economou,* 438 U.S. 478, 517, 98 S.Ct. 2894, 2916, 57 L.Ed.2d 895 (1978) ("[A]n agency attorney who arranges for the presentation of evidence on the record in the course of an adjudication is absolutely immune from suits based on the introduction of such evidence."); *id.* at 515, 98 S.Ct. at 2915 ("[A]gency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts."); *id.* at 516, 98 S.Ct. at 2916 ("[W]e hold that those officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity for their parts in that decision."). Therefore, defendant Pérez Nieves' Motion to dismiss is hereby **GRANTED,** and the claims against her are hereby **DISMISSED.**

### *Conclusion*

For the reasons set forth in this Opinion and Order, defendants' Motion to Dismiss the claims against defendants Pedro Ortiz Alvarez, José Ocasio, José F. Rodríguez Rivera, and Ana M. Pérez Nieves (Docket entries 20, 27, 31, 38) is **GRANTED,** and the claims are hereby **DISMISSED.**

**IT IS SO ORDERED.**