# United States Court of Appeals
## For the First Circuit

No. 03-1899

MICHELE GRISPINO; FRANCES GRISPINO,

Plaintiffs, Appellants,

v.

NEW ENGLAND MUTUAL LIFE INSURANCE CO.;
CREATIVE FINANCIAL GROUP; JOHN F. MAZZOLA,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Lourie,* Circuit Judge, and
Lynch, Circuit Judge.

Rudolph J. DiMassa and DiMassa Associates Ltd. were on brief
for appellants.
Peter S. Terris, Ruth T. Dowling, Marc J. Goldstein, and
Palmer & Dodge were on brief for appellees.

February 6, 2004

---

* Of the United States Court of Appeals for the Federal
Circuit, sitting by designation.

**LYNCH**, **Circuit Judge**.    Michele and Frances Grispino appeal the district court's dismissal of their action under Pennsylvania state law against the New England Mutual Life Insurance Company,[1] Creative Financial Group, and John F. Mazzola. After reviewing the record, we affirm.

## I.

The Grispinos are Pennsylvania residents who purchased life insurance policies in 1989 from New England Mutual.  They came to believe that these policies were sold to them through deceptive means -- notably, by falsely representing that the premiums due under the policies would "vanish" after nine years -- and that they were owed damages.

The Grispinos were not alone.  As it turns out, others had made similar claims against New England Mutual, prompting the Multidistrict Litigation Panel in 1996 to consolidate a national class action against the company in the District of Massachusetts. On October 4, 2000, the class action was settled, with the district court judge retaining continuing jurisdiction over any post-settlement issues.  The Grispinos timely opted out of the class settlement and, on October 3, 2001, instituted a civil action against New England Mutual, Creative Financial Group (the policy

---

[1] New England Mutual merged in August 1996 with Metropolitan Life Insurance Company, which is the proper defendant in this action.  Like the parties, we refer to the defendant by its former name for clarity and convenience.

issuing agent for New England Mutual in Pennsylvania), and John F. Mazzola (the Creative Financial Group representative who sold them their policies) in Pennsylvania state court.  The record does not show why the Grispinos decided to opt out.

Like the federal class action suit, the Grispinos' state court complaint included a count for violation of the federal Racketeering Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et seq.  Based on this federal claim, the defendants removed the state court action to the District Court for Pennsylvania.  28 U.S.C. § 1441.  They then filed with the district court a motion to dismiss the complaint on the grounds that most of the claims were barred by the applicable statutes of limitations and the remaining claim did not state a cause of action.

Around the same time that they moved to dismiss, the defendants notified the MDL panel that the case was a potential "tag-along" action under Panel Rule 1.1 and was eligible to be transferred to the District of Massachusetts, where the original class action was litigated.[2]  In response, the Grispinos amended their complaint to withdraw the sole federal claim.  They then filed a motion with the Pennsylvania federal district court to remand the case back to Pennsylvania state court.  Rather than rule

_____

[2] Rule 1.1 of Procedure of the Judicial Panel on Multidistrict Litigation states, in relevant part, that "A 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under [28 U.S.C. § 1407]."

-3-

on either the Grispinos' motion for remand or the defendants' motion to dismiss, the Pennsylvania federal court, at the defendants' request, stayed the proceeding pending a decision from the MDL panel on whether the case should be transferred to Massachusetts.

On June 26, 2002, the MDL panel ordered the case transferred to the District of Massachusetts, where it was assigned to the judge who had handled the class action case. The Grispinos submitted to the MDL panel a motion to vacate the transfer order, which was denied.

Now in Massachusetts federal court, the Grispinos filed a motion requesting remand of the case to Pennsylvania federal court or Pennsylvania state court. On May 20, 2003, the district court denied this motion, explaining that it did not have authority to transfer or remand the case to Pennsylvania state or federal court; it could only make a recommendation to the MDL panel on these issues, and it was not inclined to do so.

Having considered the Grispinos' procedural arguments, the district court turned to the defendants' motion to dismiss, which had originally been filed in Pennsylvania federal court. The court held that the Grispinos' fraud, negligence and breach of fiduciary duty claims were barred by the applicable statute of limitations and that the contract claims were otherwise defective. The one remaining claim, under the Pennsylvania Unfair Trade

Practices and Consumer Protection Law, was withdrawn by the Grispinos in order to perfect an appeal from the order of dismissal and the denial of the motion to remand.

## II.

Our ruling is limited to the issues raised on appeal and the arguments presented.[3]  <u>United States</u> v. <u>Berrio-Callejas</u>, 219 F.3d 1, 3 (1st Cir. 2000) (claims not argued on appeal are waived).

First, the Grispinos argue that the district court should have granted some form of a remand order because there was no federal subject matter jurisdiction once they amended the complaint to delete the federal RICO claim.  This argument is wrong: the dismissal of the only federal claim after removal of an action to federal court does not by itself deprive the federal court of jurisdiction over the remaining state claims.  <u>See</u> 28 U.S.C. § 1367(c) (the district court "<u>may</u> decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has

---

[3] A portion of the plaintiffs' brief appears to challenge the MDL panel's decision to transfer the case to Massachusetts District Court.  The language of 28 U.S.C. § 1407(e) only permits the court of appeals for the transferee court to review the MDL panel's transfer decision via the issuance of an extraordinary writ pursuant to 28 U.S.C. § 1651, which the Grispinos have not sought. <u>See</u> <u>In re Patenaude</u>, 210 F.3d 135, 140-41 (3d Cir. 2000). Regardless of the Grispinos' failure to bring a mandamus action, the panel's transfer of the case was clearly within its discretion. On its face, this case appeared to be a tag-along action that raised issues of fact common to both the class action and the suits that had already been transferred to Massachusetts.  The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case. <u>See</u> <u>In re Ivy</u>, 901 F.2d 7, 9 (2d Cir. 1990).

dismissed all claims over which is has original jurisdiction" (emphasis added)); Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996) ("In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion.").

While the court could easily have concluded that a recommendation for remand was appropriate in light of the many unsettled questions of Pennsylvania state law that were presented, our review is only for abuse of discretion. See Cotter v. City of Boston, 323 F.3d 160, 172 (1st Cir. 2003). We find no such abuse of discretion. The Massachusetts federal court had already handled a large class action involving the same sorts of claims as this case and had continuing jurisdiction. Its familiarity provided a sufficient basis for its decision to retain jurisdiction over the action. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (relevant factors for determining whether to retain jurisdiction include judicial economy and procedural convenience).

The Grispinos' next argument is that the district court incorrectly found that their negligence, fraud, and breach of fiduciary duty claims were time-barred.[4] Having concentrated their

---

[4] The court also found that no viable contract claim was stated. Plaintiffs have waived this issue by failing to raise and brief it on appeal.

ammunition on the transfer and remand issue, the Grispinos pay scant attention to developing this issue; they argue only that their claims did not accrue until New England Mutual actually terminated their policy, on May 31, 2000. The district court flatly rejected this argument, finding that, at the latest, the Grispinos' cause of action accrued in 1998, when they were still required to make payments on their policy despite the defendants' earlier representations that the premium would have vanished by that point. The Grispinos' reassertion, without any supporting authority, that their cause of action did not accrue until May 2000 borders on frivolous. The district court's ruling was correct. See In re New England Life Ins. Co. Sales Practice Litig., 346 F.3d 218, 221-23 (1st Cir. 2003) (cause of action accrued when the plaintiffs received a written notice indicating that their "vanishing premiums" would not vanish at the end of the anticipated payment period).

Before dismissing the Grispinos' fraud, negligence, and fiduciary duty claims, the district court sua sponte considered and rejected the possibility that the pendency of the class action tolled the applicable statute of limitations. See Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553-54 (1974). It provided no opportunity for briefing on this issue. Relying on a Pennsylvania intermediate appellate court decision, Ravitch v. Price Waterhouse, 793 A.2d 939 (Pa. Super. 2002), the district court concluded that

Pennsylvania law does not provide for the tolling of a state statute of limitations based on a _federal_ class action. Although the district court was correct to identify the class action tolling issue, we have considerable doubts about the soundness of its analysis. For instance, the court overlooked a consistent line of federal circuit court cases holding that the American Pipe tolling doctrine applies to plaintiffs who opt out of a class action in federal district court. See Realmonte v. Reeves, 169 F.3d 1280, 1284 (10th Cir. 1999); Adams Pub. Sch. Dist. v. Asbestos Corp., 7 F.3d 717, 718 n.1 (8th Cir. 1993); Tosti v. City of Los Angeles, 754 F.2d 1485, 1488 (9th Cir. 1985); Edwards v. Boeing Vertol Co., 717 F.3d 761, 766 (3d Cir. 1983). The district court also failed to consider the relevance of the fact that the case had been removed to federal court from state court in determining how to approach the tolling issue. And there are significant questions about whether the Pennsylvania Supreme Court would, in any event, follow the rule announced in Ravitch.

We need not reach a conclusion on these issues. Despite the fact that the district court reached the tolling issue, the Grispinos make no argument on appeal regarding the class action tolling doctrine specifically, or even tolling more generally. The argument has been waived. See Berrio-Callejas, 219 F.3d at 3.

Intertwined with these arguments is a final assertion by the plaintiffs that they have been denied due process, equal

protection and other constitutional rights. This frivolous argument is once again premised on the plaintiffs' claim that there is no federal subject matter jurisdiction. But by pleading a federal cause of action, the Grispinos' attorney created federal removal jurisdiction, and the deletion of that claim once the case was in federal court did not deprive that court of federal jurisdiction.

### III.

The judgment of the district court dismissing the claims is **affirmed.** We do so without approval of its reasoning on the class action tolling doctrine. Costs are awarded to the defendants.