**Ivan Torres NAZARIO, Plaintiff**

v.

**DEPARTMENT OF HEALTH OF COMMONWEALTH OF PUER-TO RICO, et. al., Defendants.**

**Civil No. 05–1630 (JAG/GAG).**

United States District Court, D. Puerto Rico.

Feb. 23, 2006.

Nydia Gonzalez–Ortiz, Santiago & Gonzalez Law Office, Yauco, PR, for Plaintiff.

Pedro J. Salicrup, Victor Ricardo Rodriguez–Fuentes, Salicrup & Assoc., Irene M. Vera, Gonzalez & Gonzalez, Kristine Burgos–Santiago, Department of Justice, San Juan, PR, for Defendants.

### *OPINION AND ORDER*

GELPI, United States Magistrate Judge.

Plaintiff has moved to remand this removed action to Commonwealth Court (Docket No. 12). Removing defendants [1] have filed their respective oppositions (Docket Nos. 27 and 28). Upon review of the Commonwealth complaint, it appears that plaintiff raises a due process claim, *see* ¶¶ 7, 19 and 21 of complaint (Docket No. 1, Exhibit 1), and a claim of political discrimination, *see* ¶ 11 of complaint (*id.*). In his complaint, plaintiff does not specify whether his due process and political discrimination claims are based on federal or state constitutional grounds. Both the Federal and Puerto Rico Constitutions contain analogous provisions protecting an individual's right to Due Process of Law and Freedom of Association. *Compare*

---

**1.** All defendants have joined in the removal procedure.

U.S. Const. amend. XIV § 1 *with* P.R. Const. Art. II § 7 (Due Process) *and* U.S. Const. amend. I *with* P.R. Const. Art. II § 4 (Freedom of Association).[2]

■ As plaintiff in the complaint failed to limit to state grounds the constitutional provisions he invokes removal is proper in this instance. *Cf. Rossello–Gonzalez v. Calderon–Serra,* 398 F.3d 1 (1st Cir.2004) (holding that removal was improper where complaint only stated claims under the Puerto Rico Constitution). More so, allegations of denial of Due Process and Freedom of Association are sufficient to state federal claims even though the complaint does not refer explicitly to 42 U.S.C. § 1983. *See Tarr v. Town of Rockport,* 405 F.Supp.2d 75, 77–78 (D.Mass.2005). In addition, a reading of the complaint evinces that plaintiff's Freedom of Association and Due Process claims are inherently federal in nature. At ¶¶ 3–5 of the complaint he alleges that he is affiliated to the New Progressive Party and that as a result he was discriminated against by defendant Secretary of Health. Based on this, he filed a federal civil rights suit for political discrimination, which was settled. Following, the judicially approved transaction, however, defendant continued to discriminate against plaintiff based on political considerations, and further retaliated against him for having brought the federal action (¶¶ 11, 16). Wherefore, plaintiff's motion to remand (Docket No. 12) is hereby **DENIED.**

■ Having determined that federal jurisdiction existed at the time of removal, the Court must now address plaintiff's alternate motion to withdraw all of his federal claims (*see also* Docket No. 7). Proper removal jurisdiction is not defeated by the plaintiff's voluntary deletion of all federal claims. *Grispino v. New England Mutual Life Insurance Co.,* 358 F.3d 16, 19 (1st Cir.2004). More so, in this case, defendant Department of Health filed an Answer to the Complaint (Docket No. 2). Accordingly, plaintiff cannot voluntarily dismiss this action unless all parties file a stipulation to said effect, or, the Court so orders. *See* Fed.R.Civ.P. 41(a)(1) and (2). Accordingly, the motion to withdraw all federal claims (Docket No. 12) is hereby **DENIED.**

■ Co-defendant Department of Justice has further moved to dismiss on Eleventh Amendment grounds all claims for damages against defendants in their official capacity (Docket No. 28). The two appearing state defendants are the Department of Health and Justice, through their respective Secretaries.[3] This motion must be **GRANTED IN PART** and **DENIED IN PART.** All federal claims for damages against defendants must be **DISMISSED** on Eleventh Amendment grounds. *See Wisconsin Department of Corrections v. Schacht,* 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (holding that state that removes action to federal court may afterwards raise Eleventh

**2.** Plaintiff at ¶ 7 of his complaint cites three Puerto Rico Supreme Court decisions on Due Process: *Union Independiente de Empleados de la Autoridad de Edificios Publicos v. Autoridad de Edificios Publicos,* 1998 WL 847622, 146 D.P.R. 611 (1998); *Marrero Caratini v. Rodriguez Rodriguez,* 1995 WL 905708, 138 D.P.R. 215 (1995); *Torres Solano v. P.R.T.C.,* 127 D.P.R. 499 (1990). A reading of these cases reveals that, insofar as Due Process is concerned, both state and federal constitu-

tions afford an individual the same protections against actions by the State. More so, the Puerto Rico Supreme Court's analysis of Due Process in its opinions revolves around leading United States Supreme Court decisions on said matter.

**3.** The Complaint does not state that the Secretaries are also being sued in their individual capacities.

Amendment bar). Any federal claims for prospective injunctive relief,[4] however, are not barred by the Eleventh Amendment. *Redondo–Borges v. United States Department of Housing and Urban Development*, 421 F.3d 1, 7 (1st Cir.2005). Contrariwise, defendants, by removing this case to federal court, have waived their Eleventh Amendment immunity as to any state-law claims for damages. *See Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002). In sum, plaintiff may continue to pursue all his state claims, as well as federal claims for injunctive relief, before this Court.[5]

Finally, pursuant to Fed.R.Civ.P. 12(b)(6), defendant Department of Justice and its Secretary also move to dismiss all claims against them as the complaint does not plead sufficient facts to establish their personal involvement. A reading of the complaint reveals that this is indeed so. No mention, except in the caption, is made throughout the complaint of either the Department of Justice or its Secretary. Wherefore, all remaining state and federal claims against these defendants are hereby **DISMISSED** on this ground. *See Luciano v. Ortiz Alvarez*, 847 F.Supp. 243, 247 (D.Puerto Rico 1994) (dismissal of claims against defendant is warranted where no set of facts, if proven, could form basis of successful claim based on personal involvement). The Court, in due fairness to plaintiff, however, recognizes that the reason the Secretary of Justice was served is because Puerto Rico's Code of Civil Procedure requires that he be served at the commencement of any action against the Commonwealth or official capacity suit against its officers. *See* P.R. Laws Ann. tit. 32 § 3080.

In sum, the Court has dismissed all state and federal claims against the Department of Justice and its Secretary on Eleventh Amendment and/or Fed.R.Civ.P. 12(b)(6)grounds.[6] The Court has also dismissed all federal damages claims against the Department of Health and its Secretary on Eleventh Amendment grounds, however, the federal claim for injunctive relief remains alive. All state claims against the Department of Education and its Secretary also remain alive before the Court.

Because the federal claim for injunctive relief against the Secretary of Health is presently before the Court, it becomes unnecessary at this time to determine whether plaintiff's supplemental state claims should be dismissed in the exercise of the Court's discretion. *See Grispino*, 358 F.3d at 19; 28 U.S.C. § 1367(c).

**SO ORDERED.**

---

4. At ¶ 23 of the complaint plaintiff seeks a cease and desist order directed at defendants.

5. As none of the parties requested a trial by jury, *See* Fed. R. Civ. P. 38, the case shall be tried before the Court.

6. Partial Judgment shall be entered forthwith dismissing all state and federal claims against the Department of Justice and its Secretary.